Brown and another, Appellants, vs. Marty, Respondent.

*September 22—October 19, 1920.*

*Brokers: Contract of employment: Necessity for writing: Sufficiency: Duration of agency: Description of lands.*

1. A writing signed by the defendant landowner and plaintiffs, real-estate brokers, gave the brokers the exclusive right to sell defendant's farm and contained this clause: "the first party [owner] reserves the right to revoke this agreement by giving three months' notice in writing." *Held,* that the

time of duration of the contract is sufficiently definite to comply with sec. 2305m, Stats., which requires that the writing express the period of the broker's agency. This statute is to be regarded as an extension of the statute of frauds and governed by the principles applicable thereto.

2. Since the contract described the lands as the property owned by the defendant in sections 35 and 36 in a designated town, the allegation of the complaint that the plaintiffs sold the lands described in the writing by land contract, a copy of which was annexed to the complaint, is sufficient to admit evidence that defendant owned the land described in the land contract and no other to which the description in the commission contract was applicable.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Commission contract. Demurrer. The plaintiffs are partners engaged in the real-estate business. They made a contract with the defendant to sell his farm and claim to have sold his lands, and bring this action for compensation. The defendant demurred to the complaint, and from an order sustaining the demurrer the plaintiffs appeal.

For the appellants there was a brief by *Hill & Spohn* of Madison, and oral argument by *W. H. Spohn.*

For the respondent there was a brief by *Gettle, Torge & Stolen* of Madison, and oral argument by *O. H. Stolen.*

ROSENBERRY, J.   This appeal requires a construction of sec. 2305m, Stats.:

"Section 2305m. Every contract to pay a commission to a real-estate agent or broker or to any other person for selling or buying real estate shall be void unless such contract or some note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, the commission to be paid and the period during which the agent or broker shall procure a buyer or seller, be in writing and be subscribed by the person agreeing to pay such commission."

The question raised is whether or not the contract between the parties expresses "the period during which the

agent or broker shall procure a buyer or seller," the language of the contract being, "said second parties [agents and appellants] hereby are given the exclusive right to sell, but the first party [owner and respondent] reserves the right to revoke this agreement by giving three months' notice in writing." Restated the question is, Does the language, "the first party reserves the right to revoke this agreement by giving three months' notice in writing," express the period during which the plaintiff shall procure a buyer or seller? This statute was before the court in *Gifford v. Straub,* decided herewith (*ante,* p. 396, 179 N. W. 600). What is said there need not be repeated here.

A very persuasive argument can be made, taking the language of the statute literally, that the contract in question did not express any period of time. When the contract was made and delivered no person then in existence could tell during what time the contract might operate. The owner might give notice within a week, within a year, or within any period which might, under the circumstances, constitute a reasonable time, and the contract would terminate three months after the giving of such notice in writing, so that in that sense no definite period of time was stated.

A like argument can be made with reference to the construction and interpretation to be placed upon the statute of frauds. Sec. 2304 requires that every contract for the sale of lands shall "express the consideration." It has been held under this provision that the words "value received" constitute a sufficient compliance with the statute, although, of course, resort must be had to oral testimony to show what the consideration in fact was.

There is nothing in the history of the litigation respecting controversies between real-estate brokers and their clients or in the evils arising out of such relationships that leads us to suppose that the legislature intended to prohibit the making of a large class of contracts which were there-

tofore valid and proper.   Contracts terminable at the will of one of the parties upon notice are very common.   The intent of the legislature no doubt was to limit the making of such contracts by requiring that they should be in writing, not to prohibit the making of the contracts.   All such contracts, prior to the enactment of state statute, extended over some period of time.   If no period was specified they were terminable at will upon reasonable notice.   This left open to dispute and subsequent litigation the question of what constituted a reasonable time, and there is no doubt but that was what was aimed at by inserting in the statute the provision referred to.   There is nothing in the act or in the circumstances to which it is applicable that leads us to suppose that the legislature intended that the contract should be so definite and certain in respect of time that there should be in every case no necessity to resort to parol evidence or proof outside of the contract as to its duration.   At least we shall follow the precedents derived from the decisions construing and interpreting the statute of frauds, and if in so doing we do not carry out the legislative intent it is a matter easily remedied.   On the other hand, if the statute should be so construed as to prohibit entirely the making of a large class of contracts hitherto perfectly valid and not subject to the criticism applicable to oral contracts between real-estate brokers and their clients, it might work great hardship.   If such was the legislative purpose it should have been clearly expressed.   We prefer to adopt, therefore, that construction which will cure the evil and at the same time limit as little as possible the right of parties to contract.   The right of contract should not be restricted further than it is necessary to go in the interest of the general welfare.   Regarding the statute, therefore, as an extension of the statute of frauds and applying the principles applicable to that statute to this statute, we think the contract in question is sufficiently definite in expressing the time of duration in that it provides a method by which the

duration of the contract may be absolutely fixed, to wit, three months after the giving of written notice by the owner.    Within the rule announced in *Gifford v. Straub, supra,* we think the description here is sufficiently definite. The description is as follows: "The property owned by the first party described as follows: 200 acres in Sections 35 and 36, Town of Springdale, Dane Co., Wis."    The complaint alleges that the plaintiffs sold the premises described in the commission contract to one Andrew Olson by land contract, a copy of which is annexed to the complaint.    In the copy attached to the complaint the premises are described by government subdivisions, and while the complaint does not say in terms that the defendant owned no other premises in sections 35 and 36, we think the allegation of the complaint sufficient to admit evidence that he owned the land described in the land contract and no other to which the description was applicable, and that the description of the premises therefore is sufficiently definite.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.