GRAHAM, Appellant, vs. LAMP, Respondent.

*May 4—May 31, 1921.*

*Real-estate brokers: Contract of employment: Sufficiency: Description of land: Parol evidence: Duration of contract: Mutuality and consideration: Signature of owner.*

1. A brokerage contract containing a certain house number at the beginning of the contract and also on the back, authorizing the broker to sell the buildings "on this lot," is a sufficient description under sec. 2305m, Stats., requiring such a contract to describe the real estate to be sold, in view of parol testimony that the words "this lot" were intended to refer to the address at the beginning of the contract.

2. Parol or extrinsic evidence is admissible to identify land to be sold under a brokerage contract. *Gifford v. Straub,* 172 Wis. 396, followed.

3. A brokerage contract which was to remain in force until a specified date, and thereafter until terminated by the owner giving to the broker thirty days' notice in writing, is not void for indefiniteness as to duration, in violation of said sec. 2305m. *Brown v. Marty*, 172 Wis. 411, followed.

4. A contract by which the owner of real property agrees to give a broker the exclusive right of sale and to pay a commission, "in consideration of your agreement to list and your efforts to find a purchaser," is not void for lack of mutuality, there being a promise for a promise; and even if such promise were not expressed the contract will not be held void for want of mutuality or for lack of consideration after the broker has made a *bona fide* effort to sell the land.

5. Where the daughter of the owner signed his name to the brokerage contract in the presence of the owner and at his direction, the signature was binding on the owner.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed*.

Action begun in the civil court of Milwaukee county to recover commission for the sale of real estate under the following written contract:

"Owner John Lamp.
  "Listed by ——,
"Address 1211 20th St.
*"H. R. Graham,*        Milwaukee, Wis., June 11, 1919.
    "30–34 Patton Bldg., cor. Grand Ave. at 5th street.
  "In consideration of your agreement to list and to use your efforts to find a purchaser for the herewith described property, the undersigned hereby grants and gives you the exclusive right to sell:
  "2 Cottages on this lot 49 x 126 ft.
  "5 R. Cottage Front Cottage; 5 R. Rear Cottage, net $4,500.
  "For the sum of $4,800. . . .
  "This contract to remain in force until the 31st day of December, 1919, and thereafter until terminated by the undersigned giving a thirty days' notice in writing.
  "The sale agency is herewith accepted
                    "By H. R. GRAHAM,
                "Member of Milw. Real Estate Assn.
                    "Mrs. F. LAMP.    (Seal)"

The back of the contract contained the following: "Location, 1211 20th St.   Size of lot, 49 x 126."

The defense was that the contract did not comply with sec. 2305*m*, Stats., in that (a) it did not sufficiently describe the real estate to be sold; (b) it did not provide a definite time for the expiration of the contract; (c) it lacked mutuality; and (d) it was not signed by the defendant.

The civil court found that the contract was sufficient and gave judgment for plaintiff.   Upon appeal to the circuit court the judgment of the civil court was reversed, and judgment entered for defendant on the ground that the written contract did not sufficiently describe the real estate to be sold.   The plaintiff appealed.

*John A. McCormick* of Milwaukee, for the appellant.

For the respondent the cause was submitted on the brief of *Albert H. Riemer,* attorney, and *Adolph Huebschmann,* of counsel, both of Milwaukee.

VINJE, J.   The circuit court disposed of the case on the ground that the contract failed to comply with sec. 2305*m*, Stats., in that it did not describe the real estate to be sold. Such statute requires every contract to pay commission for the sale of real estate to be in writing, and among other things to describe the real estate to be sold.   The description in the body of the contract was as follows: "2 Cottages on this lot 49 x 126 ft.   5 R. Cottage Front Cottage; 5 R. Rear Cottage."   The contract begins: "Owner John Lamp.   Listed by ——.   Address 1211 20th St.   Milwaukee, Wis., June 11, 1919;" and on the back of the contract the following appeared: "Location, 1211 20th St.   Size of lot, 49 x 126."

The civil court was of the opinion that the words "this lot" in the body of the contract referred to the number, 1211 20th St., at the beginning of the contract, and that this made the description definite enough.   That such description was the one intended was shown by parol testimony.   In *Gifford v. Straub,* 172 Wis. 396, 179 N. W. 600, the

description was "My place," and it was held to be sufficient where parol testimony made it definite and certain. It was there said: "The writing relied on to establish the contract need not describe the land which is subject to sale otherwise than by a reference therein to some extrinsic fact by means of which the land can be known with sufficient certainty;" citing a large number of cases. In *Brown v. Marty,* 172 Wis. 411, 179 N. W. 602, the description was, "Property owned by the first party described as follows: 200 acres in Sections 35 and 36, Town of Springdale, Dane Co., Wis.," and it was held to be sufficient for the reasons stated in *Gifford v. Straub,* 172 Wis. 396, 179 N. W. 600. The description here is more definite than those in the cases mentioned, and the civil court correctly held that the address 1211 20th St., together with the words "this lot" in the body of the contract, together with the parol evidence, described the property with sufficient certainty.

That parol or extrinsic evidence to identify the land is admissible is well established. *Gifford v. Straub, supra,* and cases cited.

It is next argued that the contract is void because its duration is not fixed with such definiteness as sec. 2305*m* requires, in that it is not to be terminated till the owner gives thirty days' written notice. This contention was ruled adversely to respondent in *Brown v. Marty,* 172 Wis. 411, 179 N. W. 602, where it was held that a contract providing a method by which the duration can be definitely fixed complies with the statute. This contract does so, namely, thirty days after written notice of termination is served.

The claim that the contract lacks mutuality has no basis in fact. It says: "In consideration of your agreement to list and your efforts to find a purchaser," the owner agrees to give exclusive right of sale and to pay commission. We have here promise for promise. But even if we did not have such promise expressed it would not be void for want of

mutuality or for lack of a consideration where the broker makes a *bona fide* effort to sell. *Greene v. Minn B. Co.* 170 Wis. 597, 176 N. W. 239.

It appears that the defendant did not sign the contract personally but directed her daughter to sign her name for her, which was done in her presence. This made a signature binding upon defendant.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the judgment of the civil court.