GRAHAM, Respondent, vs. GUETZKOW, Appellant.

*April 14—May 9, 1922.*

*Brokers: Written contract: Rate of compensation: Parol evidence.*

A real-estate broker's contract which provided for the payment of commissions on sales according to the rate adopted by a city real-estate association, but which failed to specify such rate, complied with sec. 2305*m*, Stats., requiring such contract to specify the commission to be paid, parol evidence being admissible to show the rate adopted by the association.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an appeal by the defendant from a judgment of the circuit court affirming the judgment of the civil court of Milwaukee county.

The defendant, being the owner of three separate pieces of real estate described in the complaint, entered into three separate written contracts with the plaintiff, alike in all respects excepting only as to the description of the property, such contracts being, as to one of said properties, of the following form and tenor, to wit:

*Exclusive Agency Contract—Adopted by Milwaukee Real Estate Association.*

Owner, Mrs. C. Guetzkow.    Listed by . . . . Feb. 9-20.
Address, 176-14th St.      G. 104.      Milwaukee, Wis.
            H. R. Graham,            ~~8/10.    1919.~~
30-34 Patton Bldg. Cor. Grand Ave. at 5th Street.

In consideration of your agreement to list and to use your efforts to find a purchaser for the herewith described property, the undersigned hereby grants and gives you the exclusive right to sell:

                        5 R. Duplex,

For the sum of six thousand dollars, and if a sale or exchange is made, or a purchaser found therefor by yourselves, or us or any other person, at the price and upon the terms specified herein, or at any other price or terms which the undersigned may hereafter authorize or accept during

the life of this contract, or if sold or exchanged, within six months after the termination of this contract to any one with whom you negotiated during the life of this contract, and of whom we have been notified in writing, the undersigned agrees to pay you board rate . . . per cent. commission on sale price obtained, and will convey title in fee simple by deed with full covenants of warranty, with release of dower, and will furnish a complete abstract showing merchantable title to date of sale.

Upon payment of the Association's usual listing fee of Three ($3) dollars, this property will be listed with the Milwaukee Real Estate Association.

This contract to remain in force until the 31st day of Dec., 1920, and thereafter until terminated by the undersigned giving a thirty days' notice in writing.

Above sale agency is herewith accepted

By H. R. Graham,     Mrs. C. Guetzkow.    (Seal.)
Member of Milw. Real Estate Assn.                  (Seal.)

During the time covered by the contracts the defendant, as the result of her own efforts or through the efforts of other agents, secured purchasers for and actually sold all of these pieces of property, and by virtue of his said contracts plaintiff made claim to his commissions. On the trial of the action these contracts were introduced in evidence, and in addition thereto sufficient evidence was adduced to establish plaintiff's right to his commissions.

Defendant's counsel assigned as error that the contracts in question do not comply with the provisions of sec. 2305m, Stats., in that they do not specifically fix the commissions to be paid.

The case was tried in the civil court before a jury, and at the close of the evidence the judge of such court directed a verdict in favor of the plaintiff for the full amount of the commissions claimed in the complaint. Upon the trial of such action in the civil court testimony was introduced and received showing that the board rate of commissions of the Milwaukee Real Estate Association at the time the contracts were entered into was five per cent. upon the first $1,000 and three per cent. on all sums thereafter.

*Gilbert J. Davelaar* of Milwaukee, for the appellant.
*John A. McCormick* of Milwaukee, for the respondent.

DOERFLER, J.·   Sec. 2305*m,* Stats., provides as follows:

"Every contract to pay a commission to a real-estate agent or broker or to any other person for selling or buying real estate shall be void unless such contract or some note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, *the commission to be paid* and the period during which the agent or broker shall· procure a buyer or seller, be in writing and be subscribed by the person agreeing to pay such commission."

Was it proper, under the circumstances, to admit oral testimony in order to fix the so-called "board rate" of the Milwaukee Real Estate Association? If it was, the judgment of the lower court must be sustained; if not, it must be reversed. True, upon the face of the contract no definite specified rate is fixed, and the only rate referred to is the board rate.

It is held by this court in *Gifford v. Straub,* 172 Wis. 396, 179 N. W. 600, where the description of the land in the contract was "my place," that "The writing relied on to establish the contract need not describe the land which is subject to sale otherwise than by a reference therein to some extrinsic fact by means of which the land can be known with sufficient certainty."

In *Brown v. Marty,* 172 Wis. 411, 179 N. W. 602, the description was, "Property owned by the first party described as follows: 200 acres in Sections 35 and 36, Town of Springdale, Dane Co., Wis.," and it was held to be sufficient and that parol or extrinsic evidence could be introduced to identify the land referred to.   See, also, *Graham v. Lamp,* 174 Wis. 373, 183 N. W. 150.

Under the provisions of sec. 2305*m,* Stats., it is not only necessary to express in writing the commission to be paid but that the real estate shall be described. If it is

proper in the cases above cited to show by parol evidence what land was intended by the parties, then it is equally proper to show the commissions intended to be paid; and inasmuch as the contract refers to some extrinsic fact by means of which the commissions can be ascertained with sufficient certainty, and inasmuch as the exact amount of the commissions was established by parol testimony, by reference to the board rate, we hold that the statute referred to, in respect to the matter complained of, has been adequately complied with.   The cases above cited rule the instant case.

*By the Court.*—Judgment affirmed.