PALLANGE, Respondent, vs. MUELLER, Appellant.

*October 16—November 10, 1931.*

For the appellant there was a brief by *Geo. J. Graebner* and *Wallace H. Hahn,* both of Milwaukee, and oral argument by *Mr. Graebner.*

For the respondent there was a brief by *Foster & Dieterich* of Milwaukee, and oral·argument by *A. W. Foster.*

FAIRCHILD, J. The defect claimed to exist in the complaint is that it is founded on a contract void under the statutes. Sec. 240.10, among other things, in effect requires that every contract to pay a real-estate agent or broker a commission for selling real estate shall be in writing and that it shall describe the real estate, the commission to be paid, and the period during which the agent or broker shall procure a buyer. The purpose of this statute and its interpretation has been considered in a number of cases in this court. *Hale v. Kreisel,* 194 Wis. 271, 215 N. W. 227; *Gifford v. Straub,* 172 Wis. 396, 179 N. W. 600; *Brown v. Marty,* 172 Wis. 411, 179 N. W. 602; *Scheuer & Tiegs, Inc. v. Benedict,* 173 Wis. 241, 181 N. W. 129. The parts of the agreement material here are as follows:

"I, the undersigned, hereby authorize you to have the exclusive right to sell, or trade, the property listed on the reverse side of this card, and in the event that a sale or trade is negotiated by the above named company, I agree to pay a commission of five per cent. . . . I reserve the right to withdraw the said property after ninety days from date, giving notice in writing, providing that no negotiations are pending at the time of the giving of such notice.

"(Signed) IDA MUELLER."

The words of the contract which appellant claims make it void are, "providing that no negotiations are pending at the time of the giving of such notice." Do these words so qualify or destroy the effect of the words, "I reserve the right to withdraw the said property after ninety days from date, giving notice in writing," as to make indefinite and uncertain the period during which the agent shall procure a buyer?

That is certain which can be made certain. The meaning of the words objected to is this: If the property is sold at the agreed price to a purchaser secured by the agent before the notice is served, he is to have his commission. The words were not added for the purpose of extending the period but for the purpose of enabling the parties to the agreement to complete a transaction which had begun before the service of the notice. The plain meaning of the portion of the contract relating to its termination gives the owner of the property the right to end the arrangement after ninety days from its date upon giving notice in writing of his intention to withdraw the property from the hands of the broker and that such withdrawal then becomes absolute as against everything except such negotiations as are then pending between the parties to the contract. That these words may not have been necessary to protect the agent from loss because of an unfair cancellation of the agency after the introduction of a prospective buyer, is not a consideration material to the issues arising upon this demurrer. They constitute a reasonable limitation on the right of the owner to terminate the contract in the face of pending negotiation and do not leave the term of the agency uncertain.

The learned trial judge said: "It seems to me that this requirement of the statute is sufficiently complied with if the contract contains some provision for determining when and how the employment may be terminated."

Words which fix an ascertainable fact or event by which the term of the contract's duration can be determined make the contract definite and certain in that particular. *Kenner v. Edwards R. & F. Co.* 204 Wis. 575, 236 N. W. 597.

Appellant's counsel bases an able argument in support of his contention on facts in the case and statements in the opinion of *Gifford v. Straub, supra;* but, although there is language used in the opinion which may afford some ground for appellant's claim in this case, the holding there is against him.

Were we to assume that this contract is fairly susceptible to two constructions, one bringing it into compliance with the law, the other opposed, the construction that will make the contract a legal one is to be adopted. *Watters v. McGuigan,* 72 Wis. 155, 39 N. W. 382; *Hicks P. Co. v. Wis. Cent. R. Co.* 138 Wis. 584, 120 N. W. 512; *Graham v. Lamp,* 174 Wis. 373, 183 N. W. 150. In the case of *Gifford v. Straub, supra,* Straub agreed to give Gifford the sale of his property and included in the agreement a specification for exclusive sale up to September 20, 1919. The writing was lacking in any further stipulation as to the term of the continuance of the relation between the parties. The right to the exclusive sale ended September 20th but the agency was not then terminated, and being indefinite the agreement under the statute was invalid. In that case it was declared that the statute, though enacted to prevent frauds and perjuries, was not intended to destroy a contract or render'one void which substantially complied with the statute. Mr. Justice JONES, writing for the court, said: "We believe that the statute should not be construed so strictly as to prevent persons unskilled in the law from drawing their own contracts, provided these contracts in effect comply with the statute."

Inasmuch as the added words, "providing that no negotiations are pending at the time of giving such notice," relate to a fact which may be easily established, the conclusion is that the contract is a lawful one and that the complaint states a cause of action.

*By the Court.*—The order of the circuit court overruling the demurrer is affirmed and the cause remanded for further proceedings according to law.