ZIMMERMAN BROTHERS & COMPANY, Respondent, vs. FIRST NATIONAL BANK OF STEVENS POINT, Appellant.

*October 10—November 5, 1935.*

428

For the appellant there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *R. T. Reinholdt.*

*W. E. Atwell* of Stevens Point, for the respondent.

ROSENBERRY, C. J.  Four principal questions are raised upon this trial by the defendant: (1) That the plaintiff, the offeror, having specified a method of acceptance and the buyer having adopted a different method, there was no acceptance; that a direction to wire at once meant the use of the telegraph; that a telephone conversation and confirmation by letter of June 27, 1933, did not amount to a compliance with the prescribed condition; (2) that the writings in question do not sufficiently indicate that they relate to the same transaction to amount to a compliance with the requirements of the statute of frauds; (3) defendant claims that the correspondence was not sufficient to satisfy the requirements of the statute of frauds in that the property was not sufficiently described; (4) that plaintiff's proof is insufficient to establish anything more than nominal damages for the reason that the plaintiff failed to establish the market value of the property.

The first contention of the defendant is without merit.  As the trial court correctly held, the request to wire at once was fully satisfied when the defendant called the plaintiff on the telephone, accepted the proposition, and followed that call by a letter confirming the transaction.  No attempt was made by the defendant to make a new offer.  Even if the term "by wire" is interpreted to mean "by telegraph," the fact that the acceptance was by telephone confirmed by letter did not amount to a new offer as contended by the defendant and therefore no new acceptance was necessary.  Restatement, Contracts, § 68.  In this case the use of the telephone was

as efficient if not more efficient than the use of the telegraph, and the telephone conversation was followed by a letter confirming the transaction.

The second contention of the defendant cannot be sustained. The letters refer one to another, they all relate to the same subject matter, each of the letters is signed, and we see no reasonable basis for making the claim that the correspondence is not sufficient to indicate that the letters related to the same transaction. See Restatement, Contracts, § 208.

Third. The contention of the defendant that the memorandum disclosed by the letters is insufficient because the goods are not sufficiently described is equally untenable. No more is required than that there must be reasonable certainty. The description need not be so minute and exact as to exclude the possibility that some other goods than those intended will also fall within the words of the writing. See Restatement, Contracts, § 207, comment a. In this case the defendant inquired about Diebold safety-deposit boxes. On June 20, 1933, the plaintiff wrote that it had located sixteen hundred boxes in a suburban bank. On the 21st of June, the defendant wrote: "Regarding the sixteen hundred safety-deposit boxes you refer to, think we would be interested in them." Mr. Dunegan, a representative of the defendant, then went to Chicago and examined the boxes and testified on the trial that they were the identical boxes referred to in the correspondence and in its letter of acceptance, the defendant said: "In reference to the Park Ridge safety-deposit boxes, we will take the boxes." It is difficult to understand the basis of the contention that the description of this property is not sufficient. While there is no Wisconsin case directly in point, there are cases under sec. 240.10, Stats., relating to real-estate brokers' contracts which are the same in principle. See *Gifford v. Straub,* 172 Wis. 396, 179 N. W. 600; *Brown v. Marty,* 172 Wis. 411, 179 N. W. 602; *Graham v. Lamp,* 174 Wis. 373, 183 N. W. 150.

Fourth. The defendant further contends that the evidence offered and received upon the trial did not sufficiently establish the measure of damages as applied by the trial court. There is no dispute as to the purchase price. It was to be $1.25 per box delivered at Stevens Point. The defendant without justification canceled its contract. Thereupon the plaintiff advised the defendant that it would consent to the cancellation, provided the bank from which it purchased would cancel its contract with the plaintiff or the boxes could be resold for the account of the defendant, and expressed the hope that a customer might be found in Texas. The plaintiff then circularized the banks of the country in cities having a population of ten thousand or more, and sought to sell the boxes, naming a price in excess of the contract price. This effort produced no results. The plaintiff never had an offer for the boxes at any price, and when sold in the market the boxes brought only thirty-five cents a box. The plaintiff was not a dealer in equipment of this sort. It had no storeroom sufficiently strong to sustain the weight of the boxes and was obliged to dispose of them when the defendant refused to accept them. The defendant had notice that the boxes would be sold. The plaintiff had the remedies of an unpaid seller, among which is the right of resale as provided in the act. By sec. 121.60 (3), Stats., it is provided:

"It is not essential to the validity of a resale that notice of an intention to resell the goods be given by the seller to the original buyer," and by subsection (5):

"The [unpaid] seller is bound to exercise reasonable care and judgment in making a resale, and subject to this requirement may make a resale either by public or private sale."

Neither upon the trial nor here is it suggested that the plaintiff could do more than was done to procure a better price on the resale of the goods. When the defendant defaulted under the terms of the contract and cast the whole burden of the transaction upon the plaintiff, who had pur-

chased the goods for the account of the defendant, and the plaintiff thereafter notified the defendant that the goods would be resold and made every reasonable effort to procure the highest price obtainable for the goods, the defaulting buyer cannot be heard to complain. *Pratt v. S. Freeman & Sons Mfg. Co.* 115 Wis. 648, 92 N. W. 368; 2 Williston, Sales, p. 1369, § 545.

The seller in this case proceeded to dispose of the goods as expeditiously as possible, made an effort to procure the highest possible price on the resale, and complied with every requirement of the law in regard to it. If the defendant sustains a loss it is due to its repudiation of its contract and not to any neglect on the part of the plaintiff.

*By the Court.*—Judgment affirmed.