KARL M. ELBINGER COMPANY, Appellant, vs. GEORGE J. MEYER MANUFACTURING COMPANY, Respondent.

*January 10—February 4, 1958.*

For the appellant there was a brief by *Charne & Kops* of Milwaukee, and oral argument by *Irving B. Charne*.

For the respondent there was a brief by *Hersh & Magidson* of Milwaukee, and oral argument by *Arthur B. Magidson*.

BROWN, J. Sec. 240.10, Stats., declares void any contract to pay a commission for negotiating a lease for a term longer than three years unless there is a written contract, note, or memorandum signed by the person agreeing to pay, which describes the real estate, expresses the terms of rental,

the commission to be paid, and the period during which the broker shall procure a tenant.

There is no such single contract, note, or memorandum here. Elbinger Company submits that several documents in evidence may be taken together and together they contain all the elements demanded by the statute. For the moment we may pass over the possibility of combining, integrating, the several writings.

Even if integrated we discover from them no mention of the period during which the broker is to find a tenant. The fact that he did find one does not eliminate the statutory requirement that the time be expressed in which he may do so. Appellant refers us to *Brown v. Marty* (1920), 172 Wis. 411, 179 N. W. 602, in which we held there was a substantial compliance with this requirement in a contract which had no definite time limit but which reserved to the property owner the right to revoke the agreement upon three-months notice in writing. We said (p. 414):

". . . we think the contract in question is sufficiently definite in expressing the time of duration in that it provides a method by which the duration of the contract may be absolutely fixed, to wit, three months after the giving of written notice by the owner."

There is nothing of the sort in any one of the documents upon which Elbinger Company relies, nor in them taken together. The subject of termination of the broker's contract is not treated at all. In this respect there is no compliance, substantial or otherwise, with sec. 240.10, Stats., and that section declares that when the written memorandum, note, or contract fails to express the period during which the broker shall procure a tenant the agreement to pay him a commission shall be void. Appellant does not contend that the period is expressed anywhere in the writings on which it relies. It contends, only, that in circumstances such

as these such expression is unnecessary. We are unable to agree; the legislature has directed otherwise.

Assuming but not deciding that the documents may be integrated, they fail to add up to a memorandum satisfying still another requirement of sec. 240.10, Stats.

The invoices of February 12, 1942, are bills to Meyer Mfg. Company for commissions on the original leases, three years at five per cent and two years at three per cent. Then they recite: "On the two successive options for five years each, the commission is to be paid when each option is exercised." These invoices are not subscribed by Meyer Mfg. Company who, appellant says, is the party who agreed to pay such compensation. They bear the personal initials and O.K.s of individuals who are the president and secretary of that company but they do not purport to be the acts of the corporation nor are they addressed to Elbinger Company. The trial court found, and the record indisputably supports the finding, that the O.K.s were not contractual but were only an intraoffice authorization to issue checks in payment of the invoices. The checks were sent to Elbinger Company with the invoices stamped "Paid Under Protest" with covering letters, signed by Meyer Mfg. Company, which stated that the payments were made under protest. Elbinger Company attempts by integration to use the signature of Meyer Mfg. Company on these letters as substitutes for that company's nonexistent signature on the invoices. We consider that corporate signatures to letters stating that inclosed payments are made under protest, referring also to invoices which state that they are paid under protest, are not corporate signatures of agreement with the invoices.

When the original terms, begun in 1942, ran out in 1947, A & P Company exercised the option given it by its leases to extend the terms for another five years. Soon afterward Elbinger Company sent Meyer Mfg. Company an invoice for commissions claimed to be due on rents payable during

that period. Meyer Mfg. Company wrote Elbinger Company that the invoices were not correct in their dates referring to the leases and asked for corrected invoices which evidently were supplied, for Meyer Mfg. Company paid them. These invoices do not mention subsequent renewals or obligation to pay commissions other than the current ones.

Meyer Mfg. Company's letter refers only to the 1947 invoice which refers only to commissions which Elbinger Company claims then to be due and payable. Meyer Mfg. Company's signature may not be lifted from such a letter to be integrated with a document to which it does not refer, such as an invoice of February 12, 1942, containing different compensation provisions.

The fact that Meyer Mfg. Company twice paid the bills of Elbinger Company for commissions that company alleged had come due is not a substitute for a promise in writing signed by Meyer Mfg. Company to pay future claims. We look in vain in the exhibits separately and collectively for such a promise. Without it, because of sec. 240.10, Stats., the alleged contract to pay them is void. We must hold it so here.

Elbinger Company appealed also from an order of the trial court denying a motion, made after judgment to supplement, amend, and modify the findings of fact. Appellant's brief and appendix do not tell us except in such general terms what it asked the trial court to do or in what respect that court erred in its refusal. We doubt that the order of denial is appealable but, if it is, appellant has given us nothing to work with. This portion of the appeal must be dismissed.

*By the Court.*—Judgment affirmed. Appeal from order dismissed.

FAIRCHILD, J., took no part.