BURLAND, REISS, MURPHY & MOSHER, INC. v SCHMIDT

Opinion of the Court

1. Judgment—Summary Judgment—Contracts—Interpretation of Contract.

Summary judgment for a plaintiff in an action on a contract was improper where a defendant's affidavit opposing the motion for summary judgment expressed an interpretation of the contract which was not inconsistent with the language of the contract, and therefore should have been considered by the court.

2. Contracts—Intent of Parties—Summary Judgment.

The cardinal rule of contract law is to effectuate the intent of the parties, and in a case where the question of intent plays a leading role summary judgment should not be granted.

3. Brokers—Real Estate Brokers—Contracts—Contract for Commission—Expiration Date—Administrative Code—Statutes.

Failure of a real estate broker to include a definite expiration date in an exclusive listing agreement constitutes unfair dealing under the requirements of a statute and the Administrative Code (MCLA 451.213; MSA 19.803, 1973 AACS, R 338.2734[2]).

References for Points in Headnotes

[1] 73 Am Jur 2d, Summary Judgment § 5.

[2] 17 Am Jur 2d, Contracts § 244.

[3, 5–7] 12 Am Jur 2d, Broker § 45.
    17 Am Jur 2d, Contracts § 486.

[4] 73 Am Jur 2d, Statutes §§ 11, 291.

[5, 6, 8] 12 Am Jur 2d, Brokers §§ 216, 220.
    Broker's right to commission on sales consummated after termination of employment. 27 ALR2d 1348.
    Construction of provision in real-estate broker's listing contract that broker shall receive commission on sale after expiration of listing period to one with whom broker has "negotiated" during listing period. 51 ALR3d 1149.

[6] 12 Am Jur 2d, Brokers § 19.
    Grounds for revocation or suspension of license of real-estate broker or salesman. 56 ALR2d 573.

[7] 17 Am Jur 2d, Contracts § 495.

4. STATUTES—DUTY—REMEDIES—COMMON LAW—EXCLUSIVE REMEDY.

The general rule is that where a statute or regulation creates a duty unknown to the common law, the remedy provided by the statute or regulation is exclusive.

5. CONTRACTS—CONTRACT FOR COMMISSION—REAL ESTATE—EXPIRATION DATE—COMMON LAW.

At common law, the failure to state a definite expiration date will not invalidate a contract for a real estate commission.

6. BROKERS—REAL ESTATE BROKERS—CONTRACT FOR COMMISSION—EXPIRATION DATE—RECOVERY OF COMMISSION.

A real estate broker's violation of a statute and regulation which require a contract for a commission to contain a definite expiration date may lead to the suspension, denial, or revocation of the broker's license but does not bar the broker's recovery of an otherwise earned commission.

DISSENT BY V. J. BRENNAN, J.

7. BROKERS—REAL ESTATE BROKERS—CONTRACTS—NOTICE OF CANCELLATION—ADMINISTRATIVE CODE.

*A real estate broker's contract which provides that either party may cancel the contract by giving 30 days' notice thereby provides a date certain for notification of cancellation and satisfies the requirements of a regulation set forth in the Administrative Code which requires that a listing agreement shall set forth a definite expiration date (1973 AACS, R 338.2734[2]).*

8. JUDGMENT—SUMMARY JUDGMENT—BROKERS—REAL ESTATE BROKERS—CONTRACTS.

*Summary judgment was properly granted to a plaintiff real estate broker in an action to enforce payment of a commission where the terms of the broker's contract were clear, and where it is definite that the buyer viewed the property prior to the expiration date of the contract and knew that the property was for sale through the plaintiff's efforts.*

Appeal from Oakland, Robert L. Templin, J. Submitted May 9, 1977, at Detroit. (Docket No. 29598.) Decided September 21, 1977.

Complaint by Burland, Reiss, Murphy & Mosher, Inc., against Harry E. Schmidt, III, Ward C. Case,

and 363 East Big Beaver Road Company for payment of a real estate broker's commission. Summary judgment for plaintiff. Defendants appeal. Reversed and remanded.

*Honigman, Miller, Schwartz & Cohn* (by *Peter M. Alter* and *Patrick T. Duerr),* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Carl H. vonEnde),* for defendants.

Before: N. J. Kaufman, P. J., and V. J. Brennan and D. C. Riley, JJ.

D. C. Riley, J. Plaintiff Burland, Reiss, Murphy & Mosher, Inc., (hereafter, "Broker"), secured a summary judgment in the lower court directing defendants, (hereafter, "Seller"), to pay $59,200 as a commission from the sale of certain realty owned by Seller.

The court below rested its decision on an October 15, 1974, contract under which Seller granted Broker "the exclusive right * * * for an unlimited period of time, to find a purchaser" for the property, subject to either party's right to cancel the contract "by giving 30 days' prior notice". Seller further promised Broker that:

"[i]f a purchaser is obtained therefor, by you or by anyone for me, (including myself), during said period, at the stated price and terms, or upon any other price, terms or exchange to which I consent, or if said property is sold by me or for me, within (3) months after expiration of this Agreement, to a purchaser known to me to have been shown the property during such period, to pay you a commission of four (4) per cent of such sale price."

On July 21, 1975, Seller notified Broker of its

intention to cancel the contract, with cancellation effective August 24, 1975. Some time prior to the effective date of cancellation, one Sugarman, the eventual vendee, viewed the subject parcel, and on November 19, 1975, purchased it from Seller. The sale thus occurred after cancellation of the contract, *i.e.,* after the listing period, but within the 3-month post-listing period.

Although informed of the sale prior to its occurrence, Broker did not attend the closing and did not request the 4 percent commission until after the property had been conveyed. Upon Seller's refusal to pay, Broker instituted the present action and, as noted, met with success on a summary judgment. GCR 1963, 117.2(3).

Seller initially disputes the propriety of summary judgment, alleging that material issues of fact remain to be resolved. Based on the contract, the pleadings and the affidavits of the parties, we agree. In his opposing affidavit, Mr. Harry E. Schmidt, III, a defendant and general partner of Seller, expressed his understanding and intent

"that the extension clause contained in the Contract would entitle plaintiff to a commission only if the Property was sold during the extension period to a person to whom plaintiffs had shown the Property prior to cancellation of the Contract."

This interpretation is not inconsistent with the language of the contract and thus should have been considered by the lower court. *Union Oil Co of California v Newton,* 397 Mich 486; 245 NW2d 11 (1976), *Michigan National Bank of Detroit v Holland-Dozier-Holland Sound Studios,* 73 Mich App 12; 250 NW2d 532 (1976). In our view, the commission clause of the contract raises more questions than it settles. The clause's indiscrimi-

nate use of the phrases "said period" and "such period" fails to specify whether these words refer to the listing period, the post-listing period, both periods, or one or the other period depending upon the context. From the bare language of the contract, we have no way of knowing what the parties intended by the imprecise use of these terms; but by the same token, neither did the lower court on a motion for summary judgment. Since the cardinal rule of contract law is to effecuate the intent of the parties, and since summary judgment is inapplicable where the question of intent plays a leading role, *Durant v Stahlin*, 375 Mich 628, 652; 135 NW2d 392 (1965) (Souris, J., *concurring)*, we hold the lower court erred reversibly in granting summary judgment to Broker.

Seller also argues that the Broker-Seller contract is unenforceable because it violates Administrative Code, 1973 AACS, R 338.2734(2) and R 338.2731 which provide:

"Rule 34. (1) * * * .

"(2) A listing agreement shall set forth a definite expiration date and shall not contain a provision requiring the party signing the listing to notify the broker of the party's intention to cancel the listing upon or after the expiration date."

"Rule 31. A broker or salesman who does not comply with these rules or any provisions of the act is presumed to be guilty of unfair dealing."[1]

In reliance on *Brown v Marty,* 172 Wis 411; 179

---

[1] The department of licensing and regulation is authorized "to enumerate by rule what conduct constitutes 'dishonest or unfair dealing' as that term is used in [1919 PA 306, as amended, being MCLA 451.201 *et seq.;* MSA 19.791 *et seq.]" McKibbin v Corporation and Securities Commission,* 369 Mich 69, 75; 119 NW2d 557 (1963). In *Ranke v Corporation and Securities Commission,* 317 Mich 304; 26 NW2d 898 (1947), cited in *McKibbin, supra,* the Supreme Court upheld a prior, substantially similar version of Rule 34(2).

NW 602 (1920), Broker responds that the contract conforms with Rule 34(2) since the "definite expiration date" is 30 days after a cancellation notice has been sent to the other party. *Brown* involved a statute which required every contract for a real estate commission to describe "the period during which the agent or broker shall procure a buyer or seller". There the Court held:

"[W]e think the contract in question is sufficiently definite in expressing the time of duration in that *it provides a method* by which the duration of the contract may be absolutely fixed, to wit, three months after the giving of written notice by the owner." 172 Wis at 414–415; 179 NW at 603. (Emphasis added.)

Were we faced with language similar to the statute in *Brown,* we might well arrive at the same conclusion. Rule 34(2), however, is fundamentally different. It requires not a definable expiration date, but one that is definite; it mandates not a manner or method of ascertaining the contract's expiration, but a date certain. We hold, therefore, that the Broker-Seller contract conflicts with the stricture of Rule 34(2).

This holding, however, avails Seller little. The general rule is that where, as here, a statute or regulation creates a duty unknown to the common law,[2] the remedy provided therein for violation of the duty is exclusive. *Pompey v General Motors Corp,* 385 Mich 537, 552; 189 NW2d 243 (1971). Under MCLA 451.213; MSA 19.803, a broker's violation of any duty imposed by this section or by its attendant rules permits the department of licensing and regulation to "deny, suspend or re-

---

[2] At common law, the failure to state a definite expiration date will not invalidate a contract for a real estate commission. *Nolan v Swift,* 111 Mich 56; 69 NW 96 (1896).

voke" the broker's license. While "[t]his act shall not be construed to relieve a person from civil liability * * * under the general laws of this state", MCLA 451.213(k); MSA 19.803(k), one cannot be *relieved* of a liability that apart from this act does not exist. Accordingly, Broker's violation of Rule 34(2) may not "bar recovery of an [otherwise] earned commission". *Greater Bloomfield Real Estate Co v Braun,* 64 Mich App 128, 135; 235 NW2d 168 (1975).

We need not and do not address the other issues raised, given our resolution of the foregoing questions.

Reversed and remanded for trial on the merits. Costs to abide the result.

N. J. Kaufman, P. J., concurred.

V. J. Brennan, J. *(dissenting).* I must disagree with the majority's disposition of this case. The regulation under consideration in this case states in part:

"Rule 34.(1) * * * .

"(2) A listing agreement shall set forth a definite expiration date and shall not contain a provision requiring the party signing the listing to notify the broker of the party's intention to cancel the listing upon or after the expiration date." 1973 AACS, R 338.2734(2).

Upon consulting the contract involved in this case, I find the following provision for notice of cancellation by the parties:

"In consideration of your services in offering the following described property for sale, I hereby grant you the exclusive right * * * for an unlimited period of time, to find a purchaser therefor; however, either party

may cancel this contract by giving 30 days' prior no-
tice."

In my opinion, the contract clearly satisfies the
requirements of the regulation. A date certain for
notification of cancellation is provided "by giving
30 days prior notice"; and, by stipulating that
"either party may cancel this contract", certainly
plaintiff has not cast the burden of notification
exclusively upon defendant-seller. I must also dis-
agree with the majority and their assessment of an
analogous situation faced by the Wisconsin courts.
See *Brown v Marty,* 172 Wis 411; 179 NW 602
(1920). The majority's attempt to distinguish
*Brown* by the semantic difference between a "de-
finable" expiration date and a "definite" expira-
tion date is not persuasive. The principle and legal
reasoning employed in *Brown* is equally applicable
to the situation we face in this case. In short,
*Brown* can be compared with the present question
and, when compared, leads to the conclusion that
plaintiff-broker no more violated the Michigan
Department of Licensing regulation than did the
broker in *Brown.* I find no error in the trial court's
grant of summary judgment based on his accept-
ance of plaintiff's interpretation and argued com-
pliance with the regulation.

As to whether any material issue of fact re-
mained to take to trial, again I do not believe the
trial court erred in granting summary judgment to
plaintiff. GCR 1963, 117.2(3). I find the language
and dates in the listing agreement and cancella-
tion notice is and are clear. Therefore, I would
affirm the court's holding that plaintiff complied
with his part of the agreement.

Further, having found that plaintiff's contract
negotiated with defendant-seller was not legally
improper, the facts clearly sustain plaintiff's right

to obtain his commission, given that buyer Sugarman did view the property before the expiration date of the 3-month post-listing period and knew it was for sale (advertisements and sign on property) through plaintiff's efforts. These facts being definite, nothing existed but for the trial court to find as a matter of law that plaintiff-broker was entitled by the terms of the contract to a commission for his listing.

Consequently, given the legal propriety of the contractual agreement between plaintiff-broker and defendant-seller and the factual certainty of the events as they occurred pursuant to the legal agreement, the trial court had no choice but to grant plaintiff summary judgment. Our course of action on appeal is equally determined. Defendant was afforded an adequate opportunity to present its case to the trial court. The trial court should be affirmed.