## WILCOX *v.* DYER-JENISON-BARRY LAND CO.

BROKERS—FRAUDS, STATUTE OF—COMMISSIONS ON SALE OF REAL ESTATE—SALES MANAGER.

An oral contract for the employment of a sales manager to sell the lots in a certain subdivision, it being contemplated that he would have charge of the office, organize a sales force, have charge of the advertising, etc., was void under the statute of frauds (3 Comp. Laws 1915, § 11981) providing that "Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate," should be void unless in writing, where it is conceded that his compensation was contingent upon the sale of the lots, and he was to receive a certain per cent. of the selling price.

Error to Ingham; Carr (Leland W.), J.    Submitted October 6, 1921.    (Docket No. 35.)    Decided December 21, 1921.

Assumpsit by Nelson M. Wilcox against the Dyer-Jenison-Barry Land Company for an amount due under a contract of employment.    Judgment for plaintiff on a directed verdict.    Defendant brings error. Reversed, and no new trial ordered.

*Thomas, Shields & Silsbee,* for appellant.

*Paul G. Eger,* for appellee.

MOORE, J.    The claim of the plaintiff is stated by his counsel as follows:

"Mr. Wilcox was employed as sales manager by defendant to sell 161 lots in a certain subdivision. He was to organize a sales force, to have charge of the advertising, and to have the usual duties of a real estate sales manager.    He composed considerable advertising, took it to the newspaper, went to Detroit to get certain information relative to listing property, and actually did employ 16 salesmen, who were under his direct supervision, and who sold 24 lots of the value of $23,000.    He assisted them in making the sales and personally closed about 50 per cent. of the sales made.    Also, he collected the money from the purchaser and turned it in to the company.    He handed defendant's check to the salesmen after each sale was closed.    He had a drawing account of $50 a week on which a considerable amount was paid, and he was given $50 before going to Detroit.    He had a desk in defendant's office.    Defendant was to pay the individual salesmen 5 per cent. on each sale, and Mr. Wilcox was to have 5 per cent. on each sale, which he terms 'underwriting,' which was in payment of his services as sales manager."

Appellant's defense is that the contract is within the statute of frauds relative to commissions on the sale of real estate, and is therefore void.    Section 11981, 3 Comp. Laws 1915.

No witnesses were sworn on the part of the defendant. At the close of the testimony of the plaintiff the defendant moved for a directed verdict. The trial judge expressed himself as of the belief that the case was a close one but overruled the motion, and directed a verdict in favor of the plaintiff. The case is brought here by writ of error.

We quote some of the testimony of the plaintiff:

"Along the latter part of April, I had a conversation with Mr. Jenison relative to reducing that agreement to writing.. Mr. Jenison suggested that he would write up a memorandum of the basis on which we were working, and we would get together and sign it, and then we would know just where we were at. I said I would be perfectly willing to do that, all right. There was never any agreement signed up. About two weeks later I asked Mr. Jenison if he had the contract ready for us to sign, and he said he would have Mr. Howe write it up and I took it for granted that as soon as he saw fit that he would do so. I didn't intend to press him in the matter. A contract was written up by Mr. Howe. I saw it, after however Mr. Jenison had asked me, some week or two later, to write up the contract, which I did, and submitted it, and it was apparently O. K. And next morning when we came to get together on it, and supposed it was going to be signed, there were objections raised, and then the next morning Mr. Howe submitted a contract to me, which appeared to me to be absurd, and I could not see fit to sign it. * * *

"*Q.* Each of the items, then in this list of your bill of particulars (you may hold that, if it will help you any), is for the 5% commission on sale of real estate by salesmen operating under you, is it not?

"*A.* The socalled underwriting?

"(Question read.) *A.* Yes, sir.

"*Q.* And it was for the sale of real estate in the Espanore addition in the city of Lansing?

"*A.* Yes, sir. The land was owned by the Dyer-Jenison-Barry Land Company.

"*Q.* And you claim the sum you claim here as a

commission on sales of land owned by them, made by you.

"*A.* No, I don't claim that. I claim that this is an amount determined by the sales that were made by the salesmen that I hired, as a result of my efforts. If there were no sales of land, I would get nothing. If sales of land were made, I got a commission, a percentage on the sale of that land. Every item that I claim here is of that nature. I didn't have any promise or agreement or contract of any kind with the Dyer-Jenison-Barry Land Company, and no promise signed by them. My entire claim is based upon an oral agreement. * * *

"These various salesmen that I had under me were paid by a commission on the sales they made, no other way. Whatever services they rendered were all included, and paid up by the commission which they received on the sale, and that commission was 5%. They are all paid.

"*Q.* Now, just take your record. I want to get some definite data on the record. The first sale was on April 15, 1919?

"*A.* Yes, sir, sale to Stewart. Lot No. 9, block 1, selling price $800. I claim a commission of 5%, or $40."

He testified to the same effect as to each of the 24 sales that were made.

Section 11981, 3 Comp. Laws 1915, provides what agreements shall be void unless some note or memorandum thereof is in writing, and one of the subdivisions reads:

"Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate."

According to the testimony of the plaintiff his compensation was contingent upon the sale of real estate. If there were no sales he was not to get any compensation. If there were sales he was to get 5 per cent. of the amount realized from said sales. We think the case is directly within the language of the statute.

See cases cited in the note to the section.   See, also, section 11977, 3 Comp. Laws 1915, and the cases in the note thereto.

The judgment of the court below is reversed, with costs to the defendant, and without a new trial.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.