## BEAMAN *v.* TESTORI.

1. CONTRACTS—MOLDS—DESIGNS—CUSTOMS AND USAGES—EVIDENCE —VARYING TERMS OF WRITTEN CONTRACT BY PAROL.

   Where writings evidencing a contract for the manufacture of a mold are silent on the question of who should furnish the design therefor and there is no custom in the trade determinative of the question, it was proper to admit testimony that defendants agreed to and did furnish the specifications and designs, as such testimony did not amount to varying the terms of the written contract by parol.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am. Jur., Evidence, § 1135 *et seq.*
[4] 46 Am. Jur., Sales, § 352.
[4] Construction of guaranty of efficiency as affected by specifications. L.R.A.1918F, 388.
[5] 39 Am. Jur., New Trial, § 37.

2. SAME—MOLDS—DESIGNS.

Where cross-declaration alleged plaintiffs were to build mold in accordance with plans and specifications furnished by defendants and evidence showed defendants did furnish them, it was not error for the court to take cognizance thereof in rendering decision for plaintiff.

3. SALES—EXPRESS WARRANTY—VARYING WRITTEN CONTRACT BY PAROL—EVIDENCE.

In the absence of an express warranty in written contract that mold to be made by plaintiffs would work, it would vary the terms of the written contract by parol to hold plaintiff to such an oral express warranty, hence, where plaintiffs denied having made such a warranty and defendants offered to pay plaintiffs more money to fix the mold, it was not against the preponderance of the evidence to find there was no express warranty.

4. SAME—IMPLIED WARRANTY OF FITNESS—MOLDS.

Where defendants furnished the plans and specifications for a mold to be manufactured by plaintiffs, a warranty that the mold would work will not be implied since defendants did not rely on plaintiffs' skill and judgment to furnish a mold that would work (2 Comp. Laws 1929, § 9454).

5. NEW TRIAL—WITNESSES—CONTINUANCE.

New trial was properly denied defendants whose witness could not be present on the date of the trial although his whereabouts was known at the time of the trial, in the absence of a request for continuance on that account.

Appeal from Wayne; Maher (Thomas F.), J. Submitted October 12, 1948. (Docket No. 97, Calendar No. 44,219.) Decided December 17, 1948.

Assumpsit by Berry N. Beaman and others, doing business as Plastic Mold & Die Company, against John Testori and another, doing business as American Beverage Equipment Company, for money due under contract. Recoupment by defendants against plaintiffs for damage due to breach of warranty. Judgment for plaintiffs. Defendants appeal. Affirmed.

*William B. Giles* and *Julian F. Russell,* for plaintiffs.

*Fitzgerald, O'Leary, Mayrand, Welch & Brady* (*Eugene A. O'Leary* and *Paul B. Mayrand,* of counsel), for defendants.

DETHMERS, J. Plaintiffs sue for an amount due on contract for the manufacture and delivery to defendants of a mold. Defendants seek recoupment for damages occasioned by plaintiffs' alleged failure to manufacture the mold in accord with the terms of the agreement. From judgment for plaintiffs, defendants appeal.

Defendant Testori testified that he submitted a working model coil cleaner to plaintiff Yeager and asked if he could make a mold or die for the manufacture thereof which would work; that Yeager said he could; that plaintiffs quoted a price of $1,600 in writing and that defendants gave plaintiffs a written order therefor on that basis; that upon delivery the mold was defective and would not work, as a result of which defendants suffered damage.

Plaintiff Yeager testified that he had agreed to and that plaintiffs did build a mold in accord with designs and specifications submitted by defendants, but that he had not guaranteed that it would work.

Plaintiffs' written offer and defendant's written order are in evidence. Neither contains any mention of a warranty that the mold would work or provision as to which party should prepare and furnish the design for the mold.

Defendants contend that upon placing their order in response to plaintiffs' offer a contract resulted under which plaintiffs were required to design and build a workable mold; that plaintiffs thereafter declined to make the designs and requested defendants to furnish them, which they did; that the court's

admission and consideration of testimony that defendants agreed to and did furnish the specifications and designs constitute a varying of the terms of a written contract by parol evidence.

Inasmuch as plaintiffs' written offer and defendants' written order, which defendants rely upon as comprising the entire contract, are silent on the question of who should furnish the design and, according to the testimony, there is no custom in the trade determinative of the question, admission of testimony to supply that portion of the contract not covered by the writings did not amount to varying the terms of the written contract by parol and was entirely proper. *National Cash Register Co.* v. *Blumenthal,* 85 Mich. 464; *Stahelin* v. *Sowle,* 87 Mich. 124; *Liggett Spring & Axle Co.* v. *Michigan Buggy Co.,* 106 Mich. 445; *Beld* v. *Darst,* 146 Mich. 143; *Brainard* v. *Paw Paw Co-Operative Assn.,* 228 Mich. 371. It not only appears from the evidence that defendants agreed to, but, furthermore, that they actually did furnish the specifications and designs. In their cross-declaration defendants allege that "the defendants entered into a contract with the plaintiffs, whereby the plaintiffs were to build one 7-cavity coil cleaner mold in accordance with certain plans and specifications provided by the defendants." Defendants actually having furnished the designs and having declared on a contract requiring plaintiffs to build the mold in accord therewith, it was not error for the court to take cognizance thereof in rendering its decision.

Defendants claim an express warranty by plaintiff Yeager that the mold would work. No such warranty is expressed in the writings which defendants insist comprise the contract. To hold plaintiffs to an oral express warranty not contained in the writings would serve, indeed, to vary the terms of the written contract by parol, contrary to our holding in

*Salzman* v. *Maldaver*, 315 Mich. 403 (168 A. L. R. 381). Plaintiff Yeager denied that he had guaranteed to make a mold which would work. After learning that the mold would not work defendants did not insist that plaintiffs make good on an alleged warranty, but, instead, defendants offered plaintiffs an additional sum of money if they would attempt to fix it. The trial court found that there had been no express warranty and we cannot say that the proofs preponderate the other way.

Defendants also claim an implied warranty that the mold would work. They rely on the provisions of 2 Comp. Laws 1929, § 9454 (Stat. Ann. § 19.255) and decisions of this Court, particularly *Dunn Road Machinery Co.* v. *Charlevoix Abstract & Engineering Co.*, 247 Mich. 398 (64 A. L. R. 947), in which this Court held that, under the statute and the common law as well, there was an implied warranty of fitness of a machine for a particular purpose when the purchaser had made known to the manufacturer-seller the purpose for which the machine was desired and had trusted to the latter's skill and judgment to furnish a machine for that purpose. The inapplicability of the statute and the *Dunn Case* is readily apparent from the fact that the defendants here did not rely upon plaintiffs' judgment and skill to produce a mold which would work, but relied upon them only to build one in accord with the designs and specifications furnished by defendants. The undisputed testimony is that plaintiffs did build it in accord therewith. In the *Dunn Case* this Court said:

"It is well stated by Mr. Mechem, as follows:

" 'The implied warranty of fitness is not to be extended to cases which lack the necessary conditions upon which it depends. The essence of the rule is, that the contract is executory; that the particular article is not designated by the buyer; that only his need is known; that he does not undertake or is not

able to determine what will best supply his need, and therefore necessarily leaves the seller to make the determination and take the risk; and if these elements are wanting, the rule does not apply. If, therefore, a known, described and defined article is agreed upon, and that known, described or defined article is furnished, there is no implied warranty of fitness even though the seller is the manufacturer and the buyer disclosed to him the purpose for which the article was purchased.' 2 Mechem, Sales, § 1349."

The trial court properly rejected defendants' theory of an implied warranty.

Defendants' motion for a new trial, on the ground that one of their witnesses, whose whereabouts was known at the time of the trial, could not be present on the date of the trial, was properly denied, defendants having requested no continuance on that account. *Bosek* v. *Detroit United Railway,* 175 Mich. 8; *Zeilman* v. *Fry,* 213 Mich. 504.

Judgment affirmed, with costs to plaintiffs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.