## AETNA MORTGAGE COMPANY *v.* DEMBS.

1. Judgment — Summary   Judgment — Affidavit — Counter-Affidavit.
    Summary judgment for defendant on count alleging that defendant savings and loan association, acting as a broker in negotiating mortgage loan by defendant to third party, had agreed to share the broker's commission with plaintiff *held*, proper where officer of defendant filed an affidavit stating that defendant had not acted as a broker in the transaction in question and where plaintiff failed to file a counter-affidavit in response (GCR 1963, 117).

2. Frauds, Statute of—Application—Interest in Real Estate—Mortgage.
    An agreement to execute a mortgage upon real estate is an agreement concerning an interest in land for purposes of application of the statute of frauds (CL 1948, § 566.108).

---

References for Points in Headnotes
[1] 41 Am Jur, Pleading § 342.
[2] 49 Am Jur, Statute of Frauds § 197.
[3, 4] 12 Am Jur 2d, Brokers § 38 *et seq.*

3. Same—Applicability—Interest in Real Estate—Commission.
   Every agreement, contract or promise to pay any commission for or upon the sale of any interest in real estate is void unless in writing and signed by the party to be charged therewith (CL 1948, § 566.132 subd [5]).

4. Same—Mortgage Broker—Commission—Accelerated Judgment.
   Plaintiff mortgage broker cannot enforce oral agreement of defendant to pay commission in connection with mortgage loan by defendant to third party where plaintiff failed to establish that defendant was also a broker and failed to produce a writing or memorandum incorporating the agreement signed by defendant; therefore accelerated judgment in favor of defendant was proper on grounds that the agreement to pay commission in mortgage transaction was rendered unenforceable by the statute of frauds (CL 1948, § 566.132 subd [5]; GCR 1963, 116).

Appeal from Wayne, Kaufman (Nathan J.), J. Submitted Division 1 May 14, 1968, at Detroit. (Docket No. 4,297.)   Decided October 23, 1968. Rehearing denied November 26, 1968.   Leave to appeal granted February 10, 1969.   See 381 Mich 800.   Appeal dismissed by stipulation May 19, 1969.

Complaint by Aetna Mortgage Company, a Michigan corporation, against Manuel Dembs, Legion Homes, Inc., a Michigan corporation, and Detroit Federal Savings & Loan Association for recovery of commission promised for services as broker in connection with mortgage loan.   Accelerated judgment for Detroit Federal on 2 counts of complaint and summary judgment for Detroit Federal on another count.   Plaintiff appeals.   Affirmed.

*Rosenzweig & Goldman,* for plaintiff.

*Butzel, Levin, Winston & Quint (Harold S. Toppel,* of counsel), for defendant Detroit Federal Savings & Loan Association.

Holbrook, P. J. Plaintiff, Aetna Mortgage Co., brought suit in the Wayne county circuit court against Legion Homes, Inc. (hereinafter "Legion"), Manuel Dembs (principal shareholder of Legion), and Detroit Federal Savings & Loan Association (hereinafter "Detroit Federal") seeking to recover a commission allegedly promised by defendants for plaintiff's services as a broker in connection with a mortgage loan made by Detroit Federal to Legion and Dembs.

The pertinent facts are as follows: Plaintiff's officer, Isaiah Shafir, was contacted by Leo Sklar who purportedly represented defendants Legion and Dembs in attempting to obtain financing for the construction of a condominium and apartment complex. A memorandum in writing was given Shafir by Sklar indicating that a 1% brokerage fee would be paid plaintiff for obtaining the necessary financing. Shafir took the application for financing to defendant Detroit Federal. Thereafter, on December 22, 1966, the 3 defendants executed a loan agreement whereby Detroit Federal agreed to loan defendants Legion and Dembs $3,476,000. A mortgage was executed by Legion and a guaranty agreement was executed by Dembs in favor of Detroit Federal. Detroit Federal immediately advanced $650,000, withholding however, $104,301, 3% of the loan, as a service charge. Plaintiff, learning of the completion of the loan, demanded from defendants 1% commission, $34,760, the same day, December 22, 1966. The demand was refused and plaintiff commenced suit.

Plaintiff filed in addition to an original complaint 2 amended complaints as to defendant Detroit Federal, but for all intents and purposes they can all be dealt with together as follows: Count 1, an agreement by Detroit Federal to pay plaintiff 1% of the

total loan made to defendants Legion and Dembs; count 2, an agreement by Detroit Federal to pay plaintiff a 1% "finders fee" for mortgage applications brought to and accepted by it; and count 3, an agreement by Detroit Federal wherein plaintiff specifically alleged for the first time that Detroit Federal "acting as a broker in placing the loan and charging a commission therefor * * * agreed * * * to share such commission by paying to the plaintiff 1% of the amount of such loan."

We are not concerned on this appeal with the denial of summary judgment as to defendants Legion and Dembs under GCR 1963, 117. Defendant Detroit Federal moved for accelerated judgment as to counts 1 and 2 and for summary judgment as to count 3. No appeal has been taken as to the other counts in plaintiff's complaint.

The trial judge granted accelerated judgment as to counts 1 and 2 because of the statute of frauds and granted summary judgment as to count 3 after an affidavit had been filed by one of the officers of defendant Detroit Federal setting forth the fact that it was not a broker nor had it acted as a broker in the transaction in question. Plaintiff failed to file a counter-affidavit and the trial judge granted summary judgment determining that defendant Detroit Federal was not a broker and therefore the transaction was subject to the statute of frauds.*

Plaintiff, in its "statement of questions involved", presents to this Court the following single question for review:

"Does an oral agreement to share a commission made by a mortgagee [defendant Detroit Federal] with a broker [plaintiff], for the placement of a

---

* Had plaintiff and defendant both been brokers, an agreement to divide the commission would be enforceable although not in writing. See *Baznos* v. *Borisoff* (1954), 339 Mich 12.

mortgage, come within the provisions of the statute of frauds, for the sale of an interest in real estate?"

This requires an answer to the question, was the alleged oral agreement between Detroit Federal and plaintiff to pay a fee for services in arranging a mortgage on real estate void under the statute of frauds, CL 1948, § 566.132 subd (5) (Stat Ann 1953 Rev § 26.922 subd [5])?

The primary law of the statute of frauds as to sales of land or interests therein is CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908) and provides in part as follows:

"Every contract  *  *  *  for the sale of any lands, or any interest in lands, shall be void, unless the contract  *  *  *  thereof be in writing, and signed by the party by whom the  *  *  *  sale is to be made."

The early case of *Wardell v. Williams* (1886), 62 Mich 50, 60, in construing How Stat § 6181, presently CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908), ruled as follows:

"An agreement to execute a mortgage upon real estate is an agreement concerning interests in lands, which, to be valid, must be in writing, or some note or memorandum thereof signed by the party making the promise."

The pertinent provisions of the statute of frauds pertaining to commissions for the sale of land or interests therein is CL 1948, § 566.132 subd (5) (Stat Ann 1953 Rev § 26.922 subd [5]) and provides in part as follows:

"In the following cases specified in this section, every agreement  *  *  *  shall be void, unless  *  *  *  in writing and signed by the party to be charged therewith,  *  *  *  that is to say:  *  *  *

"5. Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate."

12 CJS, Brokers, § 62, pp 141, 142 states in part as follows:

"Under an applicable statute requiring an agreement, authorizing or employing an agent or broker to purchase or sell real estate for a commission or other compensation, to be in writing and providing that, if it is not in writing, it shall be invalid or void, or that no action shall be brought thereon, a broker is not entitled to commissions unless the contract under which he acts is in writing. [*Mead* v. *Rehm* (1932), 256 Mich 488; *Morris* v. *O'Neill* (1927), 239 Mich 663; *Wilcox* v. *Dyer-Jenison-Barry Land Co.* (1921), 217 Mich 35; *Purdy* v. *Law* (1920), 212 Mich 275; *Smith* v. *Starke* (1917), 196 Mich 311; *Slocum* v. *Smith* (1917), 195 Mich 281; *Paul* v. *Graham* (1916), 193 Mich 447.] Such a statute is an extension or enlargement of the statute of frauds; and it is as valid an exercise of the police power as are any of the other provisions of the statute of frauds."

Plaintiff herein bases his action upon an alleged oral agreement for a commission in obtaining a mortgage on land. Under Michigan law a mortgage is an interest in land. *Wardell* v. *Williams, supra.* The statute requires such agreement to be in writing and signed by the party to be charged therewith.

There being no written agreement, note, or memorandum signed by Detroit Federal as required by the statute of frauds, plaintiff cannot prevail under count 1 or 2.

Affirmed. Costs to appellee.

LEVIN and PRATT, JJ., concurred.