RASCH v. NATIONAL STEEL CORPORATION

1. CONTRACTS—MODIFICATION—MUTUAL CONSENT.

Parties bound by an agreement, be it written or oral, may always change the agreement by a mutual consent of those involved and such a modification may be effected either orally or through a writing.

2. CONTRACTS—MODIFICATION—BURDEN OF PROOF.

The burden of proving modification of a contract rests upon the party alleging it.

3. CONTRACTS—MODIFICATION—EVIDENCE—PAROL EVIDENCE RULE.

The parol evidence rule does not preclude a plaintiff from proving a modification of a contract so long as the modification was subsequent to the date on which the original agreement was signed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts §§ 459, 465.
[2] 29 Am Jur 2d, Evidence §§ 127, 140, 142.
[3] 17 Am Jur 2d, Contracts § 466.
[4] 41 Am Jur, Pleadings §§ 340–343.

4. Pleading—Summary Judgment—Factual Issues.

Summary judgment was erroneously granted where plaintiff had raised in his complaint as well as in his proposed amended complaint a factual issue as to the existence of a subsequent modification of an original agreement.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 1 February 12, 1970, at Detroit. (Docket No. 6,854.) Decided February 26, 1970. Rehearing denied April 7, 1970.

Complaint by Herman R. Rasch against National Steel Corporation, a Delaware corporation, and Stran-Steel Corporation, a division of the National Steel Corporation, for breach of contract. Summary judgment for defendants. Plaintiff appeals. Reversed.

*Anthony Renne,* for plaintiff.

*Hill, Lewis, Adams & Goodrich,* for defendants.

Before: Quinn, P. J., and Fitzgerald and R. B. Burns, JJ.

Fitzgerald, J. This appeal arises from an action by the plaintiff, Herman R. Rasch, to recover sums allegedly due for breach of contract. The dispute arose upon the assignment of four patents from plaintiff to defendant, pursuant to the provisions of two contracts entered into by the parties. The contracts which are the subject of this action are entitled "Agreement in Respect to Inventions and Patent Rights" and "New Employee Patent Policy Announcement."

The complaint states in Count I that defendant failed to compensate plaintiff according to the con-

tract terms by "special awards" made to employees who assigned to defendant an "especially meritorious invention." In Count II, plaintiff alleges that no award was made to him on the basis of an "implied promise" or agreement that the company would make a "special award" to those employees who discovered an especially "meritorious invention." Plaintiff seeks damages in the amount of $20,000,-000.

In response to the complaint, defendant filed a motion for summary judgment. Plaintiff filed a motion to amend his complaint pursuant to GCR 1963, 118.5, which was subsequently denied by the court and summary judgment entered for defendant. The trial court held that plaintiff had not stated a cause of action and could not recover under the contract in that there was no legal obligation on the defendants to make a "special award" even though the inventions were "especially meritorious." It was also held that no recovery could be had on an implied contract theory as the terms of the agreement were embodied in the express contract.

The issue with which we are concerned is whether the complaint or the proposed amended complaint state a claim upon which relief could be granted. A review of the applicable court rules indicates that although plaintiff could have filed an amended complaint as a matter of right at any time before summary judgment was entered, he chose not to do so, but, in fact, filed a motion for leave to amend his complaint under GCR 1963, 118.5. 1 Honigman & Hawkins, Mich Court Rules Annotated (2d ed), p 413. The trial court reviewed the briefs of the parties on the motion for leave to amend as well as the proposed amended complaint, heard oral argument, and concluded that the proposed amendment also failed to state a claim upon which relief could be

granted. In spite of the fact that the proposed amended complaint received a complete review by the lower court, we conclude that had it been properly filed as a matter of right, the same result would not have been reached and that plaintiff has been prejudiced thereby.

Plaintiff contends that he was denied relief on the assumption that he could not prove his claim. He argues that his designs did prove "meritorious," and in the absence of any denial in the form of affidavits included within the motion for summary judgment or in an answer to the complaint, his statements must be taken to be true.

A thorough review of the complaint and the proposed amended complaint in the instant case discloses a genuine issue of fact. Defendants contend that the only important difference between Count I of the original complaint and the amended complaint lies in paragraphs 9, 10 and 11, wherein plaintiff asserts that he was to receive a valuable consideration if his invention should prove meritorious, notwithstanding the language of the original agreement. The proposed amended complaint, when considered in a light most favorable to the plaintiff, alleges the existence of an oral agreement. This agreement was allegedly made between the parties for purposes of effecting a modification of the document entitled "Agreement in Respect to Inventions and Patent Rights," which was signed on May 7, 1959.

It is a well-established principle that the parties bound by an agreement, be it written or oral, may always change the agreement by a mutual consent of those involved. Such a modification may be effected either orally or through a writing. However, the burden of proving the modification rests upon the party alleging it. *Bishop Electric, Inc.* v. *Simpson*

(1967), 7 Mich App 391.  Hence, the parol evidence
rule does not preclude plaintiff from proving a modi-
fication so long as it was subsequent to May 7, 1959,
the date on which the original agreement was signed.
*Summers* v. *Wagner* (1891), 87 Mich 272; *Johnson*
v. *Douglas* (1937), 281 Mich 247.

Therefore, on the basis of the allegations recited
in the complaint, as well as the proposed amended
complaint, we conclude that a factual issue had been
raised as to the existence of a subsequent modifica-
tion of the original agreement.  The trial court erred
in granting defendant's motion for summary judg-
ment and should have also allowed the proposed
amendment.

Reversed.  Costs to plaintiff.

All concurred.