UNION OIL COMPANY OF CALIFORNIA v NEWTON

CONTRACTS—EVIDENCE—PAROL EVIDENCE—WRITTEN INSTRUMENTS—
AMBIGUITIES—WORDS.

The legal effect of a written instrument complete in itself and
unambiguous in its terms cannot be changed by parol evidence;
a court must look to the words in the instrument as used in
their normal sense to determine whether any ambiguity exists.

Appeal from Ingham, James T. Kallman, J.
Submitted October 15, 1975, at Lansing. (Docket
No. 23368.) Decided December 3, 1975. Leave to
appeal applied for.

Complaint by Union Oil Company of California
against Edward F. Newton for summary possession
of leased premises for violation of the lease agree-
ment. Judgment for defendant. Plaintiff appeals.
Reversed.

*Dickinson, Wright, McKean & Cudlip* (by *Judson
Werbelow* and *Richard L. Wells),* for Union Oil.

*Sinas, Dramis, Brake, Turner, Boughton & Mc-
Intyre, P. C.,* for defendant.

Before: McGREGOR, P. J., and D. E. HOLBROOK,
JR. and M. J. KELLY, JJ.

D. E. HOLBROOK, JR., J. Plaintiff instituted suit
in district court for summary possession of prem-
ises due to unpaid rent owing plaintiff from de-
fendant under the provisions of the parties' service
station lease. On defendant's motion the cause was

REFERENCE FOR POINTS IN HEADNOTE
17 Am Jur 2d, Contracts § 77.

removed to circuit court where another action was pending between the parties.[1] Following a hearing the trial court denied the plaintiff's motion for summary judgment in the eviction proceedings. This judgment was amended to make it a final judgment in favor of the defendant. From this judgment plaintiff appeals as of right.

The dispute centers around a provision in the service station lease between the plaintiff and the defendant concerning rental payments. The provision states:

"RENTAL

| | |
|---|---|
| Fixed | $50.00 per calendar month |
| Motor Fuel Gallonage | 1-1/2 cents a gallon (one & one-half cents) |
| Minimum Rent | $3,738.00 per annum |

"Lessee shall pay gallonage rental on motor fuel delivered to or at Union's option dispensed from the Station, and computed during each lease year. Gallonage rental shall be due and payable at the time of each settlement or delivery of motor fuel. Fixed rental shall be paid in advance on or before the first day of each month.

"Lessee shall pay any deficiency in the minimum rental within 30 days following the monthly/annual applicable period. Rental shall be prorated for any fractional period of a calendar month or lease year."

The suit arose because of defendant's failure to pay the amount equal to his fixed monthly rent. In accordance with his reading of the lease the defendant has been paying the plaintiff rent based only on the motor fuel gallonage dispensed or delivered. That amount, as calculated, has been in excess of the minimum rent due.

It is axiomatic that the legal effect of a written instrument complete in itself and unambiguous in

---

[1] However, the two suits were not consolidated. The removed suit was tried in summary fashion before the circuit court and is the only case on appeal before this Court.

its terms cannot be changed by parol evidence.[2] *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 392 Mich 195, 204; 220 NW2d 664 (1974), *Beaman v Testori,* 323 Mich 194, 197; 35 NW2d 155 (1948), *Detroit Edison Co v Zoner,* 12 Mich App 612, 617; 163 NW2d 496 (1968). If it is ambiguous parol evidence may be admitted to vary the terms of a written instrument. *New Amsterdam Casualty Co v Sokolowski,* 374 Mich 340, 342; 132 NW2d 66 (1965). Thus the basic question we must answer is whether the rent provision in this lease is ambiguous as a matter of law. If it is, the trial court properly admitted the parol evidence in making its judgment. If it is unambiguous, the trial court erred as a matter of law in admitting the parol testimony.

In determining if a provision in a lease or contract is ambiguous, it is necessary for the court to look at the words as used in their normal sense. *New Amsterdam Casualty Co v Sokolowski, supra.* In reading the lease the trial court concluded that this provision was ambiguous since it thought it was not clear what payments were to be applied against the minimum rent payment. However, as we read the lease provision, its meaning is clear.

This lease provision provides three types of rental payments—fixed, gallonage, and minimum. The fixed rental is simply that. It is a set amount due on or before the first day of each month. It does not vary from period to period. The gallonage rental is merely a method of calculating the rental payment on a variable basis. It is calculated at 1-1/2 cents per gallon of motor fuel dispensed or delivered. This rental payment is to be figured on the number of gallons delivered or dispensed no matter how many gallons are delivered or dis-

---

[2] A lease comes within this rule. *Wolf v Megantz,* 184 Mich 452, 453; 151 NW 622 (1915).

pensed. The minimum rental payment is the least rent that the defendant can pay during the course of a year. If the first two types of rental payments are greater than the minimum rental payment then by definition it will not apply. However, if they do not equal the minimum rental payment then the defendant is required to make up the difference.

The fact that the plaintiff's agent broke the annual minimum rental payment into monthly amounts does not create an ambiguity, either. The totals remain the same. The calculations are merely illustrative to enable the defendant to make an easier comparison with his old lease which was stated in monthly figures. As we read the lease the minimum rental must be paid through 12 monthly installments of $50 in payment of the fixed rental and sufficient gallonage at 1-1/2 cents per gallon to equal $3,138 or by a payment at the end of the year to make up any deficiency.[3] Once rental payments equal to the minimum figure have been made during the course of a year, all the defendant is relieved of is the obligation to make up any deficiency. Since there is no maximum rental figure specified the defendant is never entitled to a reduction in fixed rental payments.

Having found that the trial court erred in determining the lease provision to be ambiguous we do not need to reach plaintiff's other issue.

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff.

---

[3] Our calculations:

| | |
|---|---:|
| Minimum annual rental | $3,738.00 |
| Fixed annual rental | — 600.00 |
| Difference, to be met with 209,200 gallons of motor fuel at 1-1/2 cents per gallon or with a payment at end of the year. | $3,138.00 |