UNION OIL COMPANY OF CALIFORNIA v NEWTON

Docket No. 57888. Decided August 26, 1976. On application for leave
  to appeal by defendant, in lieu of granting leave to appeal the
  Supreme Court in a per curiam opinion, vacated the judgment
  of the Court of Appeals and remanded to that Court for
  consideration of other issues. Rehearing denied 398 Mich 952.

  Union Oil Company of California brought an action against a
  service station lessee, Edward F. Newton, to recover possession
  of the station premises for nonpayment of rent. The Ingham
  Circuit Court, James T. Kallman, J., after admitting parol
  testimony by the defendant on the intent of the parties, entered
  judgment for the defendant. The Court of Appeals, McGregor,
  P. J., and D. E. Holbrook, Jr., and M. J. Kelly, JJ., reversed on
  the ground that the lease was complete and unambiguous and
  that therefore parol evidence was inadmissible. (Docket No.
  23368.) On application by defendant for leave to appeal, *held:*

    The real question on the admissibility of parol evidence is
  whether the proffered parol evidence is inconsistent with the
  written language. If there is no inconsistency, the parol evi-
  dence is admissible. In this case the defendant's interpretation
  of the lease rent provision was not inconsistent with the
  written language and was therefore admissible parol evidence.

    Judgment of Court of Appeals vacated and remanded for
  further proceedings.

    66 Mich App 90; 238 NW2d 416 (1975) vacated.

*Dickinson, Wright, McKean & Cudlip,* (by *Judson Werbelow* and *Richard L. Wells)* for plaintiff.

*Sinas, Dramis, Brake, Turner, Boughton & McIntyre, P. C.,* for defendant.

PER CURIAM. Plaintiff instituted suit in district court to recover possession of premises because of unpaid rent owing from defendant under the provisions of the parties' service station lease. On

defendant's motion the matter was removed to Ingham Circuit Court where the trial judge first denied plaintiff's motion for summary judgment, then accepted parol testimony from defendant on the intent of the parties, and finally entered a judgment in favor of defendant lessee. The Court of Appeals reversed on the basis that the lease agreement was complete and unambiguous, and therefore precluded the admission of parol evidence. 66 Mich App 90; 238 NW2d 416 (1975).

At issue is defendant's obligation to pay a fixed $50 per month rental in addition to 1-1/2 cents on each gallon of gasoline dispensed from or delivered to the station. The lease agreement provided in pertinent part:

"RENTAL

| "Fixed | $50.00 per calendar month |
| "Motor Fuel Gallonage | 1-1/2 cents a gallon (one & one-half cents) |
| "Minimum Rent | $3,738.00 per annum |

"Lessee shall pay gallonage rental on motor fuel delivered to or at Union's option dispensed from the Station, and computed during each lease year. Gallonage rental shall be due and payable at the time of each settlement or delivery of motor fuel. Fixed rental shall be paid in advance on or before the first day of each month.

"Lessee shall pay any deficiency in the minimum rental within 30 days following the monthly/annual applicable period. Rental shall be prorated for any fractional period of a calendar month or lease year."

The suit arose because defendant refused to pay the $50 per month, paying instead only the gallonage rate. He claimed that as long as his payments exceeded the $3,738 per year minimum he was under no obligation to pay the fixed rental.

The trial court and the Court of Appeals based their decisions on the issue of ambiguity. The real question is whether the proffered parol evidence is inconsistent with the written language. If there is no inconsistency, the parol evidence is admissible.[1] See *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 392 Mich 195; 220 NW2d 664 (1974).

Defendant's interpretation that the fee of 1-1/2 cents per gallon of motor fuel was applicable against the fixed $50 per month rent as well as against the minimum annual rent of $3,738, is not inconsistent with the written language and is therefore admissible parol evidence.

In lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), we vacate the judgment of the Court of Appeals and remand to that Court for consideration of other issues raised by plaintiff on appeal, but not decided.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLE-MAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.

---

[1] Restatement, 2d, Contracts, Tentative Draft No. 6 (1971):

"§ 239. EFFECT OF INTEGRATED AGREEMENT ON PRIOR AGREEMENTS (PAROL EVIDENCE RULE).

"(1) A binding integrated agreement discharges prior agreements to the extent that it is *inconsistent* with them.

\* \* \*

"*Comment:* \* \* \*

"b. *Inconsistent terms.* Whether a binding agreement is completely integrated or partially integrated, it supersedes *inconsistent* terms of prior agreements. To apply this rule, the court must make preliminary determinations that there is an integrated agreement and that it is *inconsistent* with the term in question." (Emphasis added.)