MICHIGAN NATIONAL BANK OF DETROIT v HOLLAND-DOZIER-
HOLLAND SOUND STUDIOS

1. CONTRACTS—MODIFICATIONS—EVIDENCE—PAROL EVIDENCE.

   The parol evidence rule is not so broad as to prevent a showing of
   subsequent oral modifications to a written contract.

2. CONTRACTS—WRITTEN LANGUAGE—EVIDENCE—INCONSISTENT EVI-
   DENCE—PAROL EVIDENCE.

   The real question in deciding the issue of the admissibility of
   parol evidence in a contract case is whether the proffered parol
   evidence is inconsistent with the written language; if there is
   no inconsistency, the parol evidence is admissible.

3. CONTRACTS—EVIDENCE—PAROL EVIDENCE—ORAL UNDERSTANDING—
   INCONSISTENT TERMS—WRITTEN AGREEMENTS.

   It is error for a trial court in a contract action to exclude
   evidence of the parties' alleged prior and contemporaneous oral
   understanding where that parol evidence is not inconsistent
   with or contradictory to the parties' written agreement.

4. CONTRACTS—COMMERCIAL MORTGAGES—STATUTE OF FRAUDS—WRIT-
   TEN MEMORANDA.

   An agreement which contemplates the eventual execution of a
   commercial mortgage falls squarely within the statute of frauds
   and requires a written memorandum.

5. CONTRACTS—NOTES—RESCHEDULING OF PAYMENTS—CONSIDERATION
   —WRITTEN AGREEMENTS.

   An agreement on a rescheduling of payments under a note must
   either be supported by consideration or be in writing to be
   valid.

6. CONTRACTS—FRAUD—PROMISES—FUTURE ACTS—BREACH OF CON-
   TRACT.

   Failure to carry out a promise to do a future act does not

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 17 Am Jur 2d, Contracts §§ 466, 467.
[4] 72 Am Jur 2d, Statute of Frauds § 339.
[5] 17 Am Jur 2d, Contracts § 114 *et seq.*
[6] 17 Am Jur 2d, Contracts §§ 26, 443.

constitute actionable fraud; the remedy lies in a suit for breach of contract.

Appeal from Wayne, John M. Wise, J. Submitted October 14, 1976, at Detroit. (Docket No. 25655.) Decided December 10, 1976. Leave to appeal applied for.

Complaint by Michigan National Bank of Detroit, also known as Michigan Bank, against Holland-Dozier-Holland Sound Studios and Edward J. Holland, Jr., to recover the balance due on a loan. Judgment for plaintiff. Defendants appeal. Affirmed.

*Kramer and Mellen,* for plaintiff.

*Patmon, Young & Kirk, P. C.* (by *Ulysses W. Boykin, III),* for defendants.

Before: D. E. HOLBROOK, JR., P. J., and N. J. KAUFMAN and D. C. RILEY, JJ.

D. C. RILEY, J. In September of 1972, plaintiff, Michigan National Bank, loaned $75,000 to defendant, Holland-Dozier-Holland Sound Studios (hereinafter "Sound Studios"). In return plaintiff received: (1) a promissory note for $88,495.20, which included interest to maturity, signed by Sound Studios as principal and by defendant, Edward J. Holland, Jr., as guarantor; and (2) a security agreement covering certain furniture, fixtures, equipment and inventory of Sound Studios.

After remitting a total of $19,666.14, Sound Studios ceased making further payments, causing plaintiff to institute suit in the Wayne County Circuit Court to recover the balance due. Defendants attempted to defend the suit by arguing that the writings submitted by plaintiff were not the entire agreement between the parties; that the plaintiff and defendants had agreed orally that the instant loan was only an interim one leading

eventually to a $200,000 commercial mortgage; that the parties engaged in discussions prior to, contemporaneously with, and after the execution of the interim loan, which taken together form the agreement of the parties; and that the parties, failing in their negotiations on the commercial mortgage, orally agreed to a rescheduling of payments under the promissory note. The lower court rebuffed defendants' offer of proof, holding that parol evidence was inadmissible to vary the terms of the parties' written obligations, and that even if it were admissible, defendants could not surmount the statute of frauds. From the grant of summary judgment in favor of plaintiff, defendants now appeal.

I

A recent development in the case law affecting the parol evidence rule has complicated resolution of whether parol evidence should have been admitted in the court below. See *Union Oil Co of California v Newton,* 397 Mich 486; 245 NW2d 11 (1976), compare *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 392 Mich 195; 220 NW2d 664 (1974).

Before reaching this new wrinkle on an old rule, we must first disabuse the lower court of the notion that the parol evidence rule will bar proof of oral modifications occurring after the parties have reduced their obligations to writing. The swath of the parol evidence rule is not so broad as to prevent a showing of subsequent oral modifications. *Rasch v National Steel Corp,* 22 Mich App 257; 177 NW2d 428 (1970), 4 Williston on Contracts (3d ed), § 632, p 978, 3 Corbin on Contracts, § 574, pp 372–373. Thus, the judge below erred in barring evidence of oral modifications effected after the signing of the note and security agreement.

With regard to the admissibility *vel non* of prior and contemporaneous oral agreements, Michigan law is in disarray. In *Goodwin, supra,* Justice WILLIAMS, writing for all the justices save Justice FITZGERALD who did not participate, distilled from a long line of Michigan cases the following rules:

"1) Where ambiguity may exist in a contract, extrinsic evidence is admissible to prove the existence of ambiguity.

"2) Where ambiguity may exist in a contract, extrinsic evidence is admissible to indicate the actual intent of the parties.

"3) Where ambiguity exists in a contract, extrinsic evidence is admissible to indicate the actual intent of the parties as an aid in the construction of the contract." 392 Mich at 209–210.

In addition, the Court quoted with approval Comment a to § 242 of the original Restatement of Contracts "because it squares so well with the rules we have decided upon from our own cases". 392 Mich at 210.

With the *Goodwin* ambiguity test so firmly entrenched in our jurisprudence, it was startling to read *Union Oil Co of California v Newton, supra,* a recent unanimous Supreme Court decision that can only be viewed as a surreptitious reversal of *Goodwin.*

Armed with a revision of the original Restatement, namely, Restatement, Contracts, (2d), Tentative Draft No. 6 (1971), § 239(1) and Comment b, the Court in *Newton* held:

"The trial court and the Court of Appeals based their decisions on the issue of ambiguity. The real question is whether the proffered parol evidence is inconsistent with the written language. If there is no inconsistency,

the parol evidence is admissible." (Footnote omitted.) 397 Mich at 488.

Presuming, as we must, that the Supreme Court's most recent utterance controls the case at bar, we shall apply the inconsistency test of *Newton.* The issue, then, is whether parol evidence, suggesting that the $75,000 loan was but an intermediate step designed to culminate eventually in the execution of a $200,000 mortgage, is inconsistent with the written instruments which make no mention of later loans. While the Court in *Newton* found no inconsistency between defendant lessee's interpretation of the lease and the lease itself, that case offers little guidance since nowhere in it is inconsistency ever defined. Perhaps, as has been suggested, the term "inconsistent" in § 239(1) of the Restatement (2d) when read in context with the related § 241 is intended to be synonymous with "contradictory". Murray, *The Parol Evidence Process and Standardized Agreements under the Restatement (Second) of Contracts,* 123 U Pa L Rev 1342, 1362 (1975). Such an interpretation seems reasonable and comports well with the result in *Newton, supra.* Applying this test, we hold that defendants' parol evidence was not inconsistent with, nor did it contradict, the parties' written agreement. Defendants' interpretation that the $75,000 loan was a transitional step leading to a $200,000 commercial mortgage in no way trenches upon the language of the note and security agreement. Therefore, it was error to exclude evidence of the parties' alleged prior and contemporaneous[1]

---

[1] We believe that *Newton* applies both to prior *and contemporaneous* agreements even though the Court relied on § 239 of the Restatement (2d) which speaks only of prior agreements. Certainly, the language of *Newton* itself is broad enough to cover both types of compacts. Were we to conclude otherwise, we would "permit * * * the grotesque possibility, which hopefully will never occur, that prior, but

oral understanding. This is not to suggest, however, that parol proof may properly defeat the written agreement but only that such proof is admissible to determine whether the writings were a complete integration, or a final repository, of the parties' bargain. See Restatement, Contracts, (2d), Tentative Draft No. 6 (1971), §§ 239–242.

## II

Given the error below in frustrating defendants' attempt to show that the writings were not the final embodiment of the parties' agreement, the question remains whether defendants' admittedly oral proof, if it had been considered by the lower court, would have been sufficient to overcome the statute of frauds, MCLA 566.108; MSA 26.908.

We believe the statute dooms defendants' case. Since the defendants were attempting to prove that the actual agreement contemplated the eventual execution of a commercial mortgage, such an agreement falls squarely within the statute of frauds and a memorandum is required. *Wardell v Williams,* 62 Mich 50, 60; 28 NW 796 (1886), *Aetna Mortgage Co v Dembs,* 13 Mich App 686; 164 NW2d 771 (1968), *Purification Systems, Inc v The Mastan Co, Inc,* 40 Mich App 308; 198 NW2d 807 (1972).

Defendants next suggest that although negotiations on the mortgage fell through, agreement was reached on a rescheduling of payments under the note. Plaintiff responds correctly that such a modification to be valid must either be supported by

not contemporaneous, inconsistent agreements will be superseded by binding integrated agreements, while both prior and contemporaneous agreements or negotiations will be inadmissible to contradict the terms of a binding integrated agreement." Murray, *The Parol Evidence Process and Standardized Agreements under the Restatement (Second) of Contracts, supra* at 1363.

consideration or be in writing. MCLA 566.1; MSA 26.978(1). There being no consideration to support the alleged change in payment terms nor any written evidence of the transaction, defendants' argument falters.

Finally, defendants contend that they were fraudulently induced to sign the note and security agreement by the bank's promise to enter into the commercial mortgage at a later date. We are not persuaded. Failure to carry out a promise to do a future act does not constitute actionable fraud; instead, the remedy, if any, lies in a suit for breach of contract. *Boston Piano & Music Co v Pontiac Clothing Co,* 199 Mich 141; 165 NW 856 (1917), *Howard v Reaume,* 310 Mich 119; 16 NW2d 686 (1944), *Hi-Way Motor Co v International Harvester Co,* 59 Mich App 366; 229 NW2d 456 (1975), *lv granted,* 394 Mich 815 (1975).

In sum, then, the lower court's error in failing to consider defendants' oral proof does not alter the result it reached. The grant of summary judgment was proper.

Affirmed. Costs to plaintiff-appellee.