ERICKSEN v TAWAS AREA SCHOOL DISTRICT

Docket No. 31054. Submitted March 8, 1978, at Lansing.—Decided
    August 7, 1978.

    Robert H. Ericksen and two other teachers brought this class
    action on behalf of the members of the Tawas Education
    Association against the Tawas Area School District and Board
    of Education in Iosco Circuit Court to recover two and one-half
    days salary which had been deducted from their final pay-
    checks pursuant to a strike settlement agreement between the
    parties. In the trial court, plaintiffs argued that the language of
    the agreement, "The scheduled time missed will be prorated
    and deducted from salary (2-1/2 days deduction)", was ambigu-
    ous and called a witness to resolve any ambiguities through
    parol evidence. Defendants' objection was sustained by Allan C.
    Miller, J., on the ground that there was nothing ambiguous in
    the language of the contract. Judge Miller found, at the end of
    plaintiffs' proofs, that no cause of action had been made out
    and dismissed the case. Plaintiffs' appeal hinges on their argu-
    ment that Judge Miller erroneously excluded the proffered
    parol evidence. *Held:*

    The language of the strike settlement agreement is clear and
    unambiguous because the agreement specifies exactly what is
    meant by "scheduled time missed" by stating "2-1/2 days".
    Parol evidence would not tend to show that ambiguity existed
    nor that ambiguity may exist; therefore, the proffered evidence
    was inadmissible.

    Affirmed.

1. EVIDENCE—EXTRINSIC EVIDENCE—CONTRACTS—AMBIGUITY—INTENT
    —CONSTRUCTION.

    Extrinsic evidence is admissible to prove the existence of ambigu-

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 30 Am Jur 2d, Evidence §§ 1069–1074.

    The parole evidence rule and admissibility of extrinsic evidence to
    establish and clarify ambiguity in written contract. 40 ALR3d
    1384.

    Modern status of rules governing legal effect of failure to object to
    admission of extrinsic evidence violative of parol evidence rule.
    81 ALR3d 249.

ity or to indicate the actual intent of the parties where ambiguity may exist in a contract; when ambiguity exists in a contract, extrinsic evidence is admissible to indicate the actual intent of the parties as an aid in the construction of the contract.

2. CONTRACTS—LANGUAGE—AMBIGUITY.

Ambiguity cannot exist where the language of a contract is clear and specifies exactly what is meant.

3. EVIDENCE—PAROL EVIDENCE—CONTRACTS—AMBIGUITY—ADMISSIBILITY.

Proffered parol evidence is inadmissible where it would not tend to show that any ambiguity existed in a contract nor that ambiguity may exist.

4. EVIDENCE—PAROL EVIDENCE—CONTRACTS—AMBIGUITY—ADMISSIBILITY.

Parol evidence may be admissible even though no ambiguity exists in a contract where there is no inconsistency between the proffered parol evidence and the written contract language; however, this rule is inapplicable where the proffered evidence is inconsistent with and contrary to the written language.

*Foster, Swift & Collins, P. C. (by Karen Bush Schneider),* for plaintiffs.

*Thrun, Matsch & Nordberg (by Harry J. Zeliff),* for defendants.

Before: D. E. HOLBROOK, JR., P. J., and ALLEN and S. EVERETT,[*]JJ.

S. EVERETT, J. Plaintiffs brought this class action breach of contract suit on behalf of the members of the Tawas Education Association who were employed by defendants as teachers during the 1972–1973 school year. Plaintiffs sought to recover two and one-half days' salary which had been deducted from their final paychecks. The trial court, sitting without a jury, found, at the end of

[*] Circuit judge, sitting on the Court of Appeals by assignment.

plaintiffs' proofs, that no cause of action had been made out and dismissed the case. Plaintiffs appeal by right.

Plaintiffs' appeal hinges on their argument that the trial court erroneously excluded parol evidence.

The complained of salary deductions were purportedly made pursuant to a strike settlement agreement between the parties which reads as follows:

"It is mutually agreed that neither party will take or initiate any disciplinary action of any kind because of any action or non-action by an individual or group during the period from September 1, 1972, to September 6, 1972. *The scheduled time missed will be prorated and deducted from salary (2-1/2 days deduction).* One of the scheduled one-half student days each semester will become full student days, in each case the Thursday. The Fridays in each case would remain one-day for students, all day for teachers." (Emphasis added.)

At trial, plaintiffs called as a witness Albert Hoffman who had been the teachers' chief spokesman when the strike settlement agreement was made. During questioning by plaintiffs' counsel, Mr. Hoffman was asked in regard to the agreement: "What was your intention when you entered into that language?" Defense counsel objected to allowing an answer as "inadmissible on the basis of the parol evidence rule". Argument on the objection included the following by plaintiffs' counsel:

"Mr. Raven: Your Honor, it's my position that the contractual language is ambiguous. The agreement that scheduled time missed would be deducted was, as the evidence will show, and I argued it in my opening statement, that if there was time missed by the end of

the year, maybe there would be a deduction. That's ambiguous, because it's not clear when we're talking about the time being missed, your Honor, * * * the language is ambiguous as to when that time is to be measured, and I think that, accordingly, you must have, first of all, the admission of some parol evidence to explain when the parties intended that to be measured, * * * when that parol evidence is admitted, assuming it is, it will show that the intent of the parties was that there would not be any money deducted."

The trial court sustained the objection stating in part, "I see nothing ambiguous in the language that's stated in the contract and, so, the objection is sustained". Plaintiffs now argue that this ruling was erroneous as a matter of law because the language of the strike settlement agreement contains one or more latent ambiguities. We believe that the instant case is controlled by *Goodwin, Inc v Orson E Coe Pontiac, Inc*, 392 Mich 195; 220 NW2d 664 (1974), and *Union Oil Company of California v Newton*, 397 Mich 486; 245 NW2d 11 (1976).

Applying *Goodwin, supra,* we find that the trial court committed no error. The *Goodwin* opinion, pp 209–210, sets out three rules:

"1) Where ambiguity may exist in a contract, extrinsic evidence is admissible to prove the existence of ambiguity.

"2) Where ambiguity may exist in a contract, extrinsic evidence is admissible to indicate the actual intent of the parties.

"3) Where ambiguity exists in a contract, extrinsic evidence is admissible to indicate the actual intent of the parties as an aid in the construction of the contract."

The language of the strike settlement agreement is clear and unambiguous. Plaintiffs' brief argues

in part that "The ambiguity presents itself in the present case in the phrase 'scheduled time missed' as it appears in the strike settlement provision of the collective bargaining agreement". No ambiguity can exist in this case, however, because the agreement specifies exactly what is meant by "scheduled time missed" by stating "2-1/2 days". The proffered evidence is inadmissible because it would not tend to show that any ambiguity existed nor that ambiguity "may exist".

In *Newton, supra,* the Court held that, even though no ambiguity exists, if there is no inconsistency between the proffered parol evidence and the written contract language, the parol evidence is admissible. While it is conceivable that witness Hoffman might have given evidence consistent with the written language, the content of the proffered evidence as articulated by plaintiffs' counsel at trial was inconsistent with and contrary to the written language. We note that the plaintiffs' trial counsel did not argue for admission of the testimony under any of the exceptions identified in *Bob v Holmes,* 78 Mich App 205, 213–214; 259 NW2d 427 (1977), and *Bennett v Wright,* 79 Mich App 566, 571–572; 263 NW2d 17 (1977). Therefore, the proffered evidence was inadmissible under *Newton. Vermeylen v Knight Investment Corp,* 73 Mich App 632, 644; 252 NW2d 574 (1977) (partial concurrence by ALLEN, J.).

The other portions of plaintiffs' appeal are so clearly meritless as to require no discussion.

Affirmed. Costs to defendants.