PBJ COMPANY, INC v BEN DUTHLER, INC

Docket No. 78-205. Submitted March 8, 1979, at Grand Rapids.— Decided May 1, 1979.

PBJ Company, Inc., entered into a lease with Ben Duthler, Inc., wherein PBJ leased a building to Ben Duthler for a term of 12-1/2 years at a fixed minimum rental plus a percentage of gross sales over $3,000,000. Ben Duthler was to operate a supermarket on the premises. Ben Duthler occupied the building for the entire term of the lease, operating a supermarket for approximately 11 years and thereafter using the building as a warehouse, after moving the supermarket to another location. No percentage rentals were paid after the supermarket operation was moved. PBJ brought an action against Ben Duthler for damages for breach of the lease, alleging that the terms of the lease contemplated use of the building for a retail sales operation, generating percentage rental payments, for the entire term of the lease. The Kent Circuit Court, John T. Letts, J., entered a judgment of no cause of action, and plaintiff appeals. *Held:*

The trial court erred in its decision that percentage rentals could not be collected as damages. The lease provision regarding the use of the building, together with the scheme of rentals, raises an ambiguous inference that the defendant was required to operate a supermarket so as to generate percentage rentals. Parol evidence offered by the plaintiff to show such intent should have been admitted in order to help resolve the ambiguity.

Reversed and remanded.

1. EVIDENCE — CONTRACTS — PAROL EVIDENCE — ADMISSIBILITY.

Parol evidence offered to prove the terms of a contract is admissible where such evidence is not inconsistent with the terms of the contract.

REFERENCES FOR POINTS IN HEADNOTES
[1-2] 30 Am Jur 2d, Evidence §§ 1016, 1069, 1070.
The parol evidence rule and admissibility of extrinsic evidence to establish or clarify ambiguity in written contract. 40 ALR3d 1384.

2. CONTRACTS — LEASES — AMBIGUITIES — INTENT OF PARTIES —
   PAROL EVIDENCE.
   Parol evidence is admissible to resolve an ambiguity on the intent
   of the parties; resolution of an ambiguity in a lease which
   requires a determination of the intent of the parties may be
   made by inferences from the circumstances in which the lease
   was made.

*Godfrey Vander Werff,* for plaintiff.

*Luyendyk, Hainer, Hathaway & DeJong* (by *John H. Carlson),* for defendant.

Before: R. B. BURNS, P.J., and ALLEN and MAC-KENZIE, JJ.

R. B. BURNS, P.J. Plaintiff had a judgment of no cause of action entered against it following a bench trial on its claim for rents allegedly due under a lease contract, and appeals. We reverse.

In 1963, the parties in this case entered into a contract whereby plaintiff agreed to construct a building in its Kalamazoo shopping center to defendant's specifications and to lease the building to defendant for use as a supermarket. The lease term was 12-1/2 years, and the rental terms provided for a "fixed minimum rental" of $30,000 per year, plus an additional "percentage rental" of 3/4 of one per cent of gross sales over $3,000,000, and 1/2 of one per cent of gross sales over $4,000,000 per year. Defendant occupied the building in 1963, and remained in possession throughout the lease term. Defendant operated a supermarket in the building until 1974, when it moved its retail operations across the street into a new shopping center. The building was thereafter used as a warehouse until the expiration of the lease. The fixed minimum rental was paid throughout the lease term. Gradually increasing percentage rentals were paid

from 1966 through 1974, culminating in a maximum payment of approximately $26,000. Since the use of the building as a warehouse did not generate sales, no percentage rentals were paid after 1974.

The issue presented for the trial court's resolution was whether defendant breached the lease agreement by stopping retail operations in the building before the end of the lease term, causing plaintiff the loss of percentage rentals which otherwise would have been paid. Plaintiff argued that the lease required defendant to maintain its supermarket operation throughout the lease term, relying in part on parol evidence tending to show that the parties contemplated payment of percentage rentals throughout the lease term, and in part on the "use" provision of the lease:

"The premises during the term of this Lease shall be used by the LESSEE for the operation of a discount grocery store super market, including such other operations as are normally conducted in this type of business."

The trial court found that the "such other operations" clause of the "use" provision unambiguously permitted the warehouse operation, and excluded the parol evidence as inadmissible under the parol evidence rule. Additionally, the trial court found that a default provision authorizing re-entry, reserving as damages the minimum rent accruing subsequent to re-entry, precluded assessment of percentage rentals as damages even in the event that warehousing was a breach of the lease. Lastly, the trial court held that, even if admissible, the parol evidence would not have changed its interpretation of the lease.

Although plaintiff was permitted to make a

special record on some of the parol evidence it sought to introduce, other parol evidence was excluded totally. Thus, we cannot say that the failure to admit parol evidence was harmless error because it would not have affected the outcome. Although the trial court concluded that the parol evidence would not have changed its interpretation, it did not have all of the evidence before it.

The trial court's conclusion that percentage rentals could not be collected as damages is clearly erroneous. GCR 1963, 517.1. The re-entry clause, even if construed as limiting damages, was inapplicable, because plaintiff did not re-enter. Elsewhere, the lease contained a clause reserving for plaintiff its common law remedies, which could include percentage rentals which would have been payable but for the breach of the lease.

Evidence that the "such other operations" clause of the "use" provision authorized only operations concomitant to the operation of a supermarket on the premises, and not warehousing, would not be inconsistent with the terms of the lease. Such evidence was, therefore, admissible. *Union Oil Co of California v Newton,* 397 Mich 486; 245 NW2d 11 (1976).

The "use" provision, coupled with the scheme of rentals involving fixed minimum and percentage rentals, raises an ambiguous inference that defendant was required to operate a supermarket business so as to generate percentage rentals. Resolution of the ambiguity requires a determination of the intent of the parties, which may be inferred from the circumstances in which the lease was made, see *Kroger Co v Bonny Corp,* 134 Ga App 834; 216 SE2d 341 (1975), *Ingannamorte v Kings Super Markets, Inc,* 55 NJ 223; 260 A2d 841 (1970), *Professional Building of Eureka, Inc v An-*

*ita Frocks, Inc,* 178 Cal App 2d 276; 2 Cal Rptr 914 (1960), and the relative substantiality of the minimum rent, *Bobenal Investment, Inc v Giant Super Markets, Inc,* 79 Mich App 31; 260 NW2d 915 (1977). Parol evidence is admissible to resolve the ambiguity and determine the intent of the parties. *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 392 Mich 195; 220 NW2d 664 (1974), *Lippman v Sears Roebuck & Co,* 44 Cal 2d 136; 280 P2d 775 (1955).

Reversed and remanded for a new trial. Costs to plaintiff.